## BRYANT v. J. & T. SIMPSON, Surviving Partners.

1. A declaration founded on an instrument for the payment of a sum cer-
tain, "together with costs of suit and interest," the amount of which is
not specified in the instrument, nor averred in the declaration, will au-
thorize a recovery of the sum certain and interest thereon.
2. Although pleas are on file, judgment of *nil dicit* may be rendered, and
such judgment authorizes the presumption that the defendant was pre-
sent by himself or counsel, and did not attempt to sustain his pleas
3. In an action of covenant, a plea of payment, or of covenants performed,
does not admit the deed, but the plaintiff must prove his cause of action,
as if no plea, or negative pleas only were filed.

THIS was an action of covenant, commenced in the Cir-
cuit Court of Lauderdale county, by the defendants in
error, as surviving partners of Alexander McFaddin,
against the plaintiff in error, founded on an instrument,
of which the following is a copy: "On or before the first
day of January, 1825, I promise to pay John Simpson
& Co. the amount of a note of hand under seal, given by
me to George F. Huber, for seventy four dollars, fifty
six cents, together with costs of suit and interest from
the date thereof. In testimony whereof, witness my hand
and seal, this 26th day of July, 1824, to be paid in specie.
Sam. Bryant, (seal.)" The declaration contained one
count only, which merely set forth said instrument and a
breach thereof in general terms, as the cause of action,
without any special averments as to the costs of the suit
alluded to, the amount of interest &c. &c. The defen-
dant below filed two pleas, payment, and covenant per-
formed. Judgment of *nil dicit*, without noticing the
pleas, was rendered by the Court below, and a writ of

inquiry executed, by which $97 16 damages were assessed to the plaintiffs below, besides their costs.

WILLIAM B. MARTIN, for plaintiff in error.    Although a demurrer, not noticed as being disposed of, is considered as waived or withdrawn, or determined against the unsuccessful party, on the trial of the issues, if there are any of fact afterwards tried, yet it is no where determined, that such a presumption operates as to issues in fact; but on the contrary thereof, it is the duty of the Court to have a jury sworn to try the cause as presented by the record made up, unless there be a withdrawal of the plea, replication, or that which forms an issue on his part.    Otherwise, the case would not be disposed of, nor need a bill of exceptions be taken for that failure of the count, because the record shews the facts.    It cannot be said, that a defendant says nothing, when he has said of record, that he has performed his covenant, and has paid the money claimed in the breach of covenant.

It is further contended, that the declaration, setting forth the covenant, not only does not allege a consideration, which it may be contended is not necessary in a deed, but by the shewing in the declaration, a *nudum pactum*, or voluntary bond, is fully admitted.    Nor is there any allegation in the declaration, setting out the manner, grounds, or items of damage to which defendants in error were entitled.    And why not now apply the rule of law to this case, that the proof cannot be broader than the allegations; be it on a trial of issues, or on assessment of damages.    If what is already said be correct in principle, then the declaration is substantially faulty, and may be defeated on error, as well as it could have been by general demurrer. To be more specific as to the faults in the declaration, it should be recollected that the note referred to as being payable by defendants and plaintiff to George F. Huber, is a part of the covenant sued on in this case: because it is referred to, it should have been stated and identified as to its date, time of payment, in what Court it was sued on, and at any rate, why costs had accumulated; and likewise, why and wherefore it was, that it became the duty of the plaintiff in error to pay it, more than it was the duty of defendants in error to pay their part, or all of it.    It seems too that there should have been an allegation in the declaration, shewing that defendants in error had paid it off for plaintiff in error, and therein sustained damage, so as to

give them a claim thereto.    Nor would that have been ex-
tending the covenant sued on; but only giving it that legi-
timate explanation which the law allows, and which its
reference to the note made payable to Huber, required to
be explained, so as to shew a ground of action.    Sometimes
it is sufficient to set forth the contract in the words used;
that must always be done, or the legal effect stated; but it
often occurs, that the language used, would not shew a
ground of action, but for explanations and inuendoes,
which it is contended, is the case here, and that it is not
matter of proof, unless alleged more specifically, and that
the judgment should be reversed back to the writ, to let
the plaintiff in error have an opportunity to shew what he
has paid, or that he has performed his covenant; and to
require the defendants in error to make all the affirmative
allegations, such as what they have paid for us, and why it
is, that they have sustained damage; and not require the
plaintiff in error to prove negatively, that the defendants
have sustained no damage.

JANUARY 1831

Bryant
v.
J. & T. Simp-
son, surviving
partners.

Hopkins, for the defendants in error.

By JUDGE TAYLOR.    Several matters are assigned
as error in this cause, some of which relate to the declara-
tion, and others to the proceedings in the Court below.
It is insisted, that the declaration does not shew a cause of
action with sufficient certainty.    The declaration is foun-
ded on a sealed instrument, of which it gives the follow-
ing description: "Said defendant, on the 25th day of July,
1824, at, to wit: in the county aforesaid, made his certain
writing, obligatory of that date, sealed with his seal, and
to the Court now here shewn, whereby he promised and
bound himself, and covenanted to and with said John Simp-
son and company, to pay them, on or before the first day
of January, 1825, the amount of a note of hand under
seal, given by him, said defendant, to George F. Huber,
for seventy four dollars, fifty six cents, together with costs
of suit, and interest from the date of the note given to said
Huber."    The declaration then proceeds to set out the
breach, in terms as broad as the description.    I suppose
the assignment of error is made under the idea that the
declaration should have contained an averment of the suit
which is referred to in the instrument, on which this ac-
tion is founded; the amount of the costs incurred in that
suit, and of interest which was due on the note given to

Huber. It is certainly true, that no recovery could have been had in this case, of the amount of those costs and interest, without such averment: but the declaration is sufficient to authorize a recovery of seventy four dollars, fifty six cents, and the interest which had accrued thereon, from the date of the instrument sued on in this case, to the time of the judgment. It is not necessary to cite authorities to sustain this doctrine.

It is also objected to the proceedings below, that the Court erred in empannelling a jury to inquire the damages, when there were two pleas filed, on which issues were joined; and permitting plaintiffs below to take judgment by *nil dicit*, although those pleas were not withdrawn. It appears from the record, that the pleas of payment, and of covenants performed, were pleaded by the defendant, and that issues were joined thereon by the plaintiffs. The next entry is as follows: "came the parties by attorney, and the defendant saying nothing, judgment is entered by *nil decit*; and thereupon came a jury of good and lawful men, to inquire of damages," &c. who were sworn to assess the damages. It sufficiently appears from this entry, that both the parties were present by counsel, when these proceedings took place, and that the defendant did not attempt to sustain his pleas. Were it necessary, we might be authorized to infer, that the defendant's counsel acknowledged his inability to sustain his pleas by proof, and thus virtually withdrew them; but this is not a necessary implication in support of the judgment. Suppose the case had been put to the jury on the issues, what proof would it have been incumbent upon the plaintiffs to have produced? Strictly, according to common law practice, no proof would have been necessary. Both the pleas admitted the instrument as set out in the declaration, and this admission would have been sufficient to have entitled the plaintiffs to a verdict. But according to the rule which has been adopted in our Courts, it would have devolved upon them to have produced the instrument on which they had declared, to the jury; this it was equally important for them to introduce, under the same rule, on the inquiry of damages. The defendant therefore has sustained no possible injury, and it would indeed be sacrificing justice, to satisfy the demands of form, were the judgments, for this reason, to be reversed. The judgment of the circuit is affirmed by a majority.

By JUDGE COLLIER. In *Thomas v. Brown,*[a] this Court reversed the judgment of the Circuit Court, because there was a plea in the record undisposed of, though the entry of the judgment recited. that the parties came by their attorneys, and that the defendant said nothing in bar of the plaintiff's action. The case before us, bears as striking an analogy to that case, as it is possible for one case to bear to another, and the decision now made, is wholly irreconcileable with that adjudication, and must be considered as overruling it. I need not attempt to sustain the case of *Thomas v. Brown,* either by argument or authority. It is enough that it has been made the law of this Court, to induce a conformity of opinion by me. If it be a decision founded in error, it is better to permit *communis error facere begun*, than to unsettle the law, by disregarding it. I believe with Mr Jenkins, that "variety of judgments and novelty of opinions, are the two great plagues of a commonwealth." The decisions of a tribunal of the last resort, should possess permanence and stability of character. They should not be disregarded by the Court that pronounced them, though they may not correctly ascertain the law, unless a greater inconvenience would result from an adherence to them. Next to correctness of decision, nothing is so well calculated to give character to the bench, as a regard for precedent and harmony in its judgments. Hence I am of opinion, that the judgment should be reversed and the cause remanded, and with me JUDGES WHITE and PERRY concur.

JUDGE SAFFOLD, not sitting.

Judgment affirmed.