## SCHULZ *v.* BROHL

DEEDS—CONSTRUCTION.

Under a deed to two persons, "to them and the survivor of them, parties of the second part," the grantees take each a moiety for life, with remainder to the survivor in fee, although the grant, in terms, is "to the parties of the second part, and to their heirs and assigns."

Appeal from Wayne; McMahon, J., presiding. Submitted February 1, 1898. Decided April 19, 1898.

Bill by Christine Schulz, by Charles Schulz, her guardian, against Joseph Brohl, to quiet title. From a decree dismissing the bill on demurrer, complainant appeals. Reversed.

*William E. Henze,* for complainant.

*Franz C. Kuhn* (*Edward A. Barnes* and *U. Grant Race,* of counsel), for defendant.

MONTGOMERY, J.   The bill in this case was filed to quiet title.   April 17, 1884, a deed was made by Caroline Schulz, the main provisions of which were as follows:

"This indenture, made this seventeenth day of April, in the year of our Lord one thousand eight hundred and eighty-four, between Caroline Schulz, of Detroit, Michigan, party of the first part, and Peter Brohl and Christine Schulz, of Grosse Pointe, Wayne county, Michigan, to them and the survivor of them, parties of the second part, *Witnesseth:*

"That the said party of the first part, for and in consideration of the sum of eleven hundred dollars ($1,100), to her in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, does by these presents grant, bargain, sell, remise, release, alien, and confirm unto the said parties of the second part, and their heirs and assigns, forever, all that certain piece or parcel of land situate and being in the city of Detroit, county of Wayne, and State of Michigan, known and described as follows, to wit:   Lot nineteen (19) in block sixteen (16) of the Witherell farm, being on the north side of Watson street,—subject, however to a certain mortgage for seven hundred dollars ($700), dated January 4, 1882, made by August Schulz and Caroline Schulz, of Detroit, aforesaid, to James Dewey, of the same place, and recorded in the register of deeds' office for said county, in Liber 161 of Mortgages, on page 330; and also to all unpaid taxes and assessments upon said premises.

"Together with, all and singular, the hereditaments and appurtenances thereunto belonging or in any wise appertaining:   To have and to hold the said premises, as above described, with the appurtenances, unto the said parties of the second part, and to their heirs and assigns, forever.   And the said Caroline Schulz, party of the first part, for herself and her heirs, executors, and administrators, does covenant, grant, bargain, and agree to and with the said parties of the second part, their heirs and assigns, that at the time of the ensealing and delivery of these presents she is well seised of the above-granted premises in fee simple; that they are free from all incumbrances whatever; and that she will, and her heirs, executors, and administrators shall, warrant and defend the same against all lawful claims whatsoever, excepting said mortgage, which the parties of the second part assume and agree to pay."

January 2, 1897, Peter Brohl, by quitclaim deed, conveyed the premises to Joseph Brohl, reserving a life estate. Peter Brohl died February 1, 1897. Complainant claims a sole ownership since the death of Peter Brohl, but defendant, Joseph Brohl, claims that the deed from Caroline Schulz created a tenancy in common in complainant and Peter Brohl, and that ·a moiety passed to defendant by the quitclaim from Peter Brohl. The case turns, therefore, on the construction of the deed from Caroline Schulz. What estate did it convey ? If we confine ourselves to the granting clause, ·the defendant's contention is found to be fully sustained. But, referring to the premises, it is clear that the conveyance is made to Peter Brohl and Christine Schulz and to the survivor of them. It is contended that as these words are not contained in the granting clause, and that as the grant is to the parties of the second part and *their* heirs, the granting clause should control, in preference to the premises. In a doubtful case, this is the rule; but we are of the opinion that, on the whole deed, the intention is not doubtful. It is no stretch to read the word "parties" in the deed, wherever it occurs, with the additional designation contained in the premises. If we do this, the only possible ambiguity arises out of the fact that the plural was used, with reference to heirs, by the scrivener. We think the plain intent should not be defeated by this slip. The fact that the plural is often used when the singular is intended is recognized, and therefore it is provided that, in construing *statutes*, words importing the plural number may be applied and limited to the singular. 1 How. Stat. § 2, subd. 2. The purpose in construing deeds is to ascertain the intent of the parties as manifested by the instrument. *Moran* v. *Lezotte*, 54 Mich. 83; *Munro* v. *Meech*, 94 Mich. 596. This intent was, as we construe this deed, to convey a moiety to each of these parties for life, with remainder to the survivor in fee. Neither grantee could convey the estate so as to cut off the remainder. *Ewing's Heirs* v. *Savary*, 3 Bibb, 235; 1 Washb. Real Prop. *413.

The decree will be reversed, and case remanded for further proceedings.

The other Justices concurred.