268 So.2d 792

**Estella NUNN**

v.

**Calvin C. KEITH.**

**SC 63.**

Supreme Court of Alabama.

Nov. 9, 1972.

Harold P. Knight, Birmingham, for appellant.

Charles L. Dunn, Birmingham, for appellee.

**520**

SOMERVILLE, Justice.

This appeal is from a judgment at law of the Circuit Court of Jefferson County in favor of the plaintiff below, Calvin C. Keith, for the possession of real property situated in said county.

The appellee brought an action of statutory ejectment in code form [1] and, jury demand having been withdrawn, the case was submitted to the trial court on a written stipulation of facts. The trial court entered judgment against the appellant, Estella Nunn, and upon her motion for a new trial being overruled, she brings this appeal.

The pertinent facts are as follows: In 1949 Ed Nunn and wife, Katie L. Nunn, executed and recorded a warranty deed conveying the real property which is the subject of this suit to themselves and to their grandson, Calvin C. Keith, the appellee, as joint tenants, with right of survivorship. Katie L. Nunn died intestate in 1962 and later that year Ed Nunn married the appellant, Estella Nunn. In 1965 Ed Nunn and wife, Estella, executed and recorded a warranty deed conveying an undivided one-half interest in subject property to themselves for their joint lives with remainder to the survivor in fee simple. Ed Nunn died in 1967 and his widow, the

appellant, has remained in possession of the property, paying the taxes and maintenance, but no rent.

Attached to the stipulation of facts are copies of the two deeds referred to above. The habendum clause in the first deed (conveying the property to Ed Nunn, Katie L. Nunn and appellee, Calvin C. Keith) is as follows:

"To have and to hold unto the said Ed Nunn and Katie L. Nunn and Calvin C. Keith, as joint tenants, with right of survivorship, their heirs and assigns forever; it being the intention of the parties to this conveyance, that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the Grantees herein), in the event one Grantee herein survives the other, the entire interest in fee simple shall pass to the surviving Grantee, and if one Grantee does not survive the other, then the heirs and assigns of the Grantees herein shall take as tenants in common."

This appeal raises a question which can only be answered by delving into one of the most confused areas of Alabama law. What type of estate was created by the 1949 deed, the express language of which establishes a joint tenancy with right of survivorship between Ed Nunn, Katie L. Nunn and Calvin C. Keith? Was it in fact a joint tenancy with right of survivorship, or was it, by virtue of Title 47, § 19, Code of Alabama 1940 (recompiled 1958) and Alabama case law, a tenancy in common, with right of survivorship?

In a joint tenancy at common law each tenant was seized of some fractional share while at the same time each owned the whole. The most significant feature of such a tenancy was the right of survivorship. When one joint tenant died, the deceased's share was owned by the surviving tenants jointly, until only one remained, who then owned the fee. The last survivor took nothing by survivorship as he had

---

1. Title 7, § 223—Form 32, Code of Alabama 1940 (Recompiled 1958).

always owned the whole. The deaths of the other joint tenants merely removed impediments to the survivor's complete ownership. At common law, a joint tenancy could be created only where the four unities of time, title, interest, and possession were present and the destruction of any of these would terminate the joint tenancy. Thus, a conveyance by a joint tenant of his interest in the property would destroy the joint tenancy.[2]

In the United States the common law estate of joint tenancy soon fell into disrepute. In the early 1800's the states and territories began abolishing joint tenancies and in Aikin's Alabama Digest of 1833 at 129 we find the statute which abolished such estates in Alabama. It read as follows:

> "When two or more persons hold an estate real or personal, jointly, and one joint-tenant dies before severance, his interest in said joint estate shall not survive to the remaining joint-tenant, or joint-tenants, but shall descend to, and be vested in the heirs or other legal representatives of such deceased joint-tenant, in the same manner as if his interest had been severed and ascertained."

The above statute was changed slightly when incorporated into the Alabama Code of 1852 to read as follows:

> "When one joint tenant dies before the severance, his interest does not survive to the other joint tenants, but descends and vests as if his interest had been severed and ascertained." (§ 1312)

In Parsons v. Boyd, 20 Ala. 112, this court explained that the above statute was enacted to destroy the right of survivorship which existed at common law as an incident of joint tenancy, and to give to the heirs at law of joint tenants the interest of their ancestors in the same manner as if they had held as tenants in common.

The abolishment of common law joint tenancy in Alabama was confirmed in the 1860 case of Walthall v. Goree, 36 Ala. 728, which seemed to hold that tenancy in common was the only form of concurrent ownership of property recognized in this jurisdiction. This premise went unchallenged for sixty-four years until our decision in First National Bank of Birmingham v. Lawrence, 212 Ala. 45, 101 So. 663. There we recognized that by virtue of the aforementioned statute (at this time it was § 3419, Code 1907) the right of survivorship between joint tenants had been abolished. But, we went on to hold that the above statute did not prevent an express grant to two or more persons, and to the survivor or survivors, upon the death of either. The authority for this last ruling was not cited. Although this case involved personalty rather than realty, it held that the statutory prohibition of survivorship could be avoided in certain instances and did not specifically limit its application to personal property.

In 1940 the statute with which we are concerned, with language unchanged since 1852, became Title 47, § 19, Code of Alabama 1940. In 1945 the statute was amended by adding the following:

> " * * * provided, however, that in the event it is stated in the instrument creating such tenancy, that such tenancy is with right of survivorship, or other words used therein showing such intention, then upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument."

Thus, the legislature did by statute that which First National Bank of Birmingham v. Lawrence, supra, said could be done anyway.

The statute was amended once again in 1951 with the addition of the following:

> "This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons, and in which instruments it

2. John E. Cribbet, Principles of the Law of Property, 94-95 (1962).

clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."

But what did we then have under § 19? Had the common law joint tenancy been revived with a limitation on the manner by which it could be created, or did we have some new estate unknown at the common law?

The first occasion to construe § 19 as it reads today was the 1965 decision of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565. The deed in the *Bernhard* case contained an habendum clause almost identical to that contained in the 1949 deed in the case now before us. Justice Simpson in writing the opinion of the court cited Parsons v. Boyd, supra, and stated that joint tenancy was abolished in Alabama and that the common law right of survivorship was the evil the statute (§ 19) sought to destroy. Then, referring to the 1945 amendment, Justice Simpson asked the question of whether the legislature intended that a common law joint tenancy could be created by express intention of the parties or whether the legislature intended only to provide a means of adding the survivorship incident to some different estate. The latter construction was adopted and the court found that the parties intended to and did create a tenancy in common during their joint lives with right of survivorship which was indestructible except with the consent of every tenant. To arrive at this conclusion, as to indestructibility, the court had equated a tenancy in common, with right of survivorship, to a tenancy in common for the joint lives of the tenants with cross-contingent remainders in both tenants, an estate recognized in some other jurisdictions. Since the survivor of such an estate is unascertainable while more than one tenant is living, the property cannot be partitioned or sold for division because the interest of the several tenants cannot be determined until all but one are dead. Stated concisely, the rule established by *Bernhard* is that where two or more persons own property concurrently, with right of survivorship, regardless of what language is used in the instrument creating the estate, they are, by virtue of § 19, Title 47, tenants in common with right of survivorship and such ownership cannot be terminated except upon the deaths of all but the last survivor, or upon partition or sale with the consent of every cotenant. Thus, *Bernhard* in creating an indestructible right of survivorship appears to result in something worse than the evil § 19 originally sought to prevent.

The *Bernhard* opinion was destined to cause serious problems for parties holding title to property under an instrument creating any type of concurrent ownership with right of survivorship. Understandably, the most frequent case involved a husband and wife who owned their home under a survivorship deed and desired to be separated or divorced. In Owens v. Owens, 281 Ala. 239, 201 So.2d 396, this court recognized an exception to the *Bernhard* rule by holding that in a case of spouses, holding title to property under a survivorship deed, a sale for division could be ordered by the court either upon the consent of both parties or through an implied consent as incident to a chancellor's decree of divorce under the court's equity jurisdiction.

This exception solved several problems where the facts were similar, but a new problem arose in the case of Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356. There, the *Owens* exception could not be used because the request for partition or sale was made after the divorce proceedings had been concluded. In affirming the lower court this court stated:

"We do feel that we can safely say that the present Alabama law is to the effect that in cases involving deeds similar to the one here, there can be no compulsory partition in the absence of consent of the tenants, except in those cases where the tenants have invoked the jurisdiction of the equity court in a divorce proceeding with regard to the property in question."

Following *Summerlin,* supra, it appeared that partition between joint owners could only be compelled against an unwilling co-owner as an incident to a decree of divorce. Apparently, if the joint owners were not husband and wife, mutual consent was the only way a right of survivorship expressly granted in the instrument of conveyance could be destroyed.

In the 1971 case of Shrout v. Seale, 287 Ala. 215, 250 So.2d 592, this court, working from the premise that *Bernhard* was controlling, found that under a deed conveying title to husband and wife as joint tenants, with right of survivorship, each owned two separate interests in the property: an undivided half interest for life and contingent remainders in the whole. In *Shrout* the complainant had purchased the husband's interest at a sheriff's sale and sought a sale for division. The trial court denied complainant's petition since the wife refused to consent thereto. In reversing the trial court this court distinguished *Bernhard* on its facts and held that in *Bernhard* the complainant had owned a contingent remainder. In *Shrout* the conveyance by the husband of his estate to the wife had destroyed the contingent remainders with the result that the wife owned the entire property, subject only to the complainant's estate in an undivided one-half interest for the life of the husband. Such being the state of the title, a sale for division could and should be granted with or without the wife's consent.

In the case presently before the court we are concerned with a situation in which one of two concurrent owners, holding under an instrument which states that they are joint tenants, with right of survivorship, conveyed his interest (stated to be an undivided one-half) to himself and another. Is the *Bernhard* rule applicable to such a situation and, if so, what are the rights of the parties? After a careful study of § 19 of Title 47, as amended, we have reached the conclusion that we must specifically hold that the court's interpretation of said Code section as expressed in the

*Bernhard* opinion was in error and is hereby overruled.

As discussed earlier, the purpose behind the passage of the original statute was to abolish common law joint tenancies with their inherent right of survivorship. But, for many years, scriveners continued to use the words "joint tenants" in conveyances, and, as mentioned above, in 1924 this court held that joint tenancies with right of survivorship could be expressly created and enforced, at least in respect to joint bank deposits. First National Bank of Birmingham v. Lawrence, supra. Subsequently, in 1945, the legislature amended the statute (Title 47, § 19) to make it possible to convey in joint tenancy, with right of survivorship, simply by expressly stating such intention in the instrument of conveyance. The statute as amended refers to joint tenants, not tenants in common. There is nothing in the amended statute to suggest that the legislature had any intention but to revive common law joint tenancy with the single requirement that the parties must clearly express an intention to have the right of survivorship in the instrument. This interpretation of legislative purpose is strengthened by the clear intent of the 1951 amendment to § 19. This last amendment was designed to eliminate the need for a "straw man" in the creation of joint tenancies by making it possible for a grantor to convey to himself and one or more others directly as joint tenants. The purpose and effect was to eliminate the requirement for one of the four unities, i. e. time, which was essential in all common law joint tenancies. The unity of time was never necessary to create a tenancy in common. Consequently, if the 1945 amendment had in fact created a tenancy in common, with right of survivorship, as stated in *Bernhard,* there would have been no necessity for the 1951 amendment. We feel that the *Bernhard* opinion erred in its appraisal of legislative intent behind the 1945 amendment as well as the effect of such amendment. We must conclude that the legislature intended to and

did revive common law joint tenancies in Alabama through the 1945 amendment, but simply wished to require the parties to clearly express their intentions as to survivorship. As indicated above, the 1951 amendment merely served to remove the common law requirement of unity of time in creating such estates. In summary, we hold that § 19, as now amended, recognizes joint tenancy, with right of survivorship, as a valid estate in realty or personalty, and that it differs from the common law estate of the same name *only* in so far as (1) the statutory requirement that the intention to have the right of survivorship must be clearly expressed in the instrument of conveyance, and (2) elimination of the common law unity of time. We further hold that such estate is destructible as at common law.

■ Having determined that it is indeed possible to establish joint tenancies in Alabama, with all of the incidents and attributes that existed at the common law (except as expressly modified by § 19), we can now resolve the questions presented by the instant case. The 1949 deed conveying the subject real property to Ed Nunn, Katie L. Nunn and Calvin C. Keith, created a joint tenancy, with right of survivorship, as clearly expressed on the face of the instrument. Each of the above tenants owned a one-third interest in the property, while at the same time, each owned the whole. When Katie L. Nunn died her share was owned by the survivors Ed Nunn and Calvin C. Keith as joint tenants.

When Ed Nunn conveyed his one-half interest to himself and Estella, the joint tenancy created by the 1949 deed was destroyed. From the date of the 1965 deed executed by Ed Nunn a new tenancy in common existed. Calvin C. Keith owned an undivided one-half interest as a tenant in common with Ed and Estella Nunn who owned the other one-half interest in the property as joint tenants, with right of survivorship. Thus, when Ed Nunn died, Estella became the sole owner of a one-half interest in the property and was a tenant in common with Calvin C. Keith.

■ Let us also point out that the parties are tenants in common, and each has the right to petition the appropriate court for partition or sale for division or to otherwise dispose of his or her interest in the property.

The decision of the trial court must be reversed and the cause remanded for further proceedings consistent with the above opinion.

Reversed and remanded with instructions.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.

BLOODWORTH, J., concurs specially.

COLEMAN, J., dissents.

BLOODWORTH, Justice (concurring specially):

I concur in the opinion of the majority written by Mr. Justice Somerville. Since I authored for the court Killingsworth v. Killingsworth and Willis v. James, both referred to in the dissenting opinion of Mr. Justice Coleman, I feel constrained to add these additional comments of my own.

That there have been difficulties encountered by this Court in applying *Bernhard*, is reflected in the seven subsequent decisions listed in Justice Coleman's dissent.

These decisions which followed *Bernhard*, were authored by Justices Merrill, Coleman, Harwood, Maddox, McCall and myself, and were concurred in by a majority of the Court, without a dissent expressed as to the holding of *Bernhard*.

My first impression was that *Bernhard* ought to be left undisturbed, in view of the passage of seven years since it was rendered and its having been followed in sub-

sequent decisions. Upon mature consideration, however, I am convinced that its demise is timely. For one thing, *Bernhard* has raised more problems than it has settled. I believe this decision will put to rest its more perplexing problems and give certainty and a settled construction to future survivorship deeds.

In one respect, I differ with the majority. In order to obviate one of the criticisms which Judge Coleman levies, that real estate purchases have been made in reliance on *Bernhard,* I would give this decision prospective effect only.

COLEMAN, Justice (dissenting):

In Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, this court construed a deed which, as here material, is substantially identical in language with the deed construed in the instant case. Among other things, this court said:

> "We must give effect to the intention of the parties as determined from the language which they use in the deed. What estate was created? It is our opinion that the parties here involved intended to create and did create a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor. They carefully said that if neither survived the other, then in that event their property was to descend as if it held by them as tenants in common. Such we think is consistent with the intentions of the legislature as expressed in the above quoted statute. Survivorship is allowed, if expressed, as an incident to the estate of tenancy in common. Each does not own the whole, while at the same time owning the half. Rather, each owns an undivided one-half interest in the property for life, plus the right to own the unencumbered whole if he survives his co-tenant.

> "Under these circumstances then, can there be a sale for · division over the ·objection of one tenant during the joint

lives? We think not. Such a result seems to be dictated when ·giving full consideration to the intention of the parties as expressed. We think· the lan· guage used and our cases indicate that a division may be had during the joint lives only with the consent of all grantees. We have held that an interest in remainder is not subject to division, and this is the estate which we think is created under the deed involved: a tenancy in common during the joint lives of the tenants with a remainder to the survivor in fee simple. Such a construction is in accord with that of other jurisdictions. Finch v. Haynes, 144 Mich. 352, 107 N.W. 910, and is not inconsistent with our holdings in related cases. . . . ." (278 Ala. at 243, 177 So.2d at 567)

In the instant case, the court now concludes that *Bernhard* is in error and cannot be allowed to stand. The court says: " . . . . The statute as amended refers to joint tenants, not tenants in common. There is nothing in the amended statute to suggest that the legislature had any intention but to revive common law joint tenancy with the single requirement that the parties must clearly ·express an intention to have the right of survivorship in the instrument. . . . ."

It appears to be conceded that § 19, Title 47, abolished joint tenancy. If it was the purpose of the legislature merely to ·revive joint tenancy, that purpose could easily have been accomplished by repeal of the statute. Instead, the legislature amended the statute twice.

I do not agree that the legislature intended to forbid the conveyance or devise of land to two or more persons during their joint lives with the entire fee to pass to the last survivor on the death of the other grantees. Such a conveyance creates an estate different from a common law joint tenancy.

In Rowerdink v. ·Carothers, 334 Mich. 454, 54 N.W.2d 715, (1952), the court ccn-

strued a deed in which the grantees were: ". . . . 'Alfred Carothers and Delarma Hackett, or the survivor of them.' . . . ." The Supreme Court of Michigan affirmed a decree which determined that plaintiff, the grantee of Hackett, who survived Carothers, was the owner of the property. Among other things the court said:

"Plaintiff claims that the deed to the two grantees 'or the survivor of them' created a tenancy for life in the named grantees and a remainder in fee to the survivor, and cites four Michigan cases in support of her theory.

"In Schulz v. Brohl, 116 Mich. 603, 74 N.W. 1012, the grantees are 'Peter Brohl and Christine Schulz * * * to them and the survivor of them.' We construed the deed, page 605, 74 N.W. 1012, 'to convey a moiety to each of these parties for life, with remainder to [the survivor] in fee.'

"In Finch v. Haynes, 144 Mich. 352, 107 N.W. 510, 115 Am.St.Rep. 447, we held (per syl.):

"'A deed which conveys land to two grantees, "and the survivor of them, and to their heirs and assigns forever," conveys a moiety to each for life with remainder to the survivor in fee, and neither of them, by conveyance during his lifetime, can create a tenancy in common, so as to cut off the contingent remainder.'

"In Jones v. Snyder, 218 Mich. 446, 188 N.W. 505, we held (per syl.):

"'Under a deed conveying land to four persons, "as joint tenants, and to their heirs and assigns, and to the survivors or survivor of them, and to the heirs and assigns of the survivor of them, forever," a joint tenancy for life in the grantees was created, with a contingent remainder in fee simple to the survivor, and, therefore, one of the grantees could not alienate his joint interest so as to cut off the contingent remainder.'

"In Ames v. Cheyne, 290 Mich. 215, at page 218, 287 N.W. 439, we held:

"'Where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship', citing Schulz v. Brohl, *supra*, and Finch v. Haynes, *supra*.

"Defendant accentuates the background of authorities cited in the *Schulz Case* and authorities cited in the *Finch Case*, and argues that the rule in those two cases inadvertently and erroneously crept into Michigan jurisprudence from jurisdictions having different statutes, and problems relative to estates and in effect requests us to overrule those two cases as an improvement in the rules of conveyancing.

"There is no necessity for overruling the four cases cited, by which a law of real property as to the right of survivorship has been established. We expressly reaffirm the rule as laid down in the four cases cited, as to the right of survivorship." (334 Mich. at 457, 458, 459, 54 N.W.2d at 717)

The decision in *Bernhard* was delivered July 15, 1965, some seven years ago.

In The Alabama Lawyer, Vol. 1, at pages 54 to 58, may be found a discussion of deeds conveying real estate to husband and wife, "during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple, and to the heirs and assigns of such survivor forever." The article by the late Edward W. Faith, of Mobile, a distinguished member of the Alabama Bar, published in 1940, contains the following statement:

"In other words, under our law, the modest homestead becomes a lawsuit. It takes a lawsuit to get it, and it takes a lawsuit to sell it. And when sold, it takes a lawsuit to keep the money, for the proceeds cannot be used for the liv--

ing expenses of the minor children, but can only be reinvested under the supervision of the Circuit Court. (Mathews v. Goodenough, 206 Ala. 229; 89 So. 708).

"When the lawyer has pointed out to the client the results which may be reached under our homestead exemption statute, the question then arises. 'Is this the result the client desires should happen in the event of these contingencies?' If not, let us see how, in many cases, these contingencies may be obviated. In my opinion, the problem so far as concerns husband and wife, is easily solved by writing the deed so as to create a joint life estate in husband and wife, with a vested cross remainder. This is permissible under the Alabama law (First National Bank v. Lawrence, 212 Ala. 45; 101 So. 663; 33 Corpus Juris, 901).

"In my office we have written numerous deeds whereby in the granting clause the property is conveyed to 'A' and 'B', 'husband and wife', with the habendum clause reading as follows:

" 'TO HAVE AND TO HOLD unto the said 'A and B', during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple, and to the heirs and assigns of such survivor forever'.

"In this way we create by contract a joint estate in both husband and wife, where they may sell or mortgage during their joint lives upon both signing, and if not sold, then when the death of one occurs, the survivor receives the estate in fee simple without any court costs, lawyers' fees or other expenses. It is true such a deed cuts off the minor children to the benefit of the surviving parent of the children; but experience has taught me such is the desire of clients, rather than let the property go under the uncertain, cumbersome, and expensive system as provided by our homestead exemption laws." (1 The Alabama Lawyer at 58)

Many so-called survivorship deeds have been executed pursuant to the 1940 article in 1 Alabama Lawyer. Undoubtedly many persons have purchased real estate in reliance on the decision in *Bernhard* seven years ago.

As in the case at bar, many deeds have been executed to and paid for by grantees in reliance on the language in *Bernhard*. The deed in the instant case is such a deed.

The purchasers in such deeds were entitled to rely on Bernhard as truly and correctly defining the rights which the grantees received by such deeds.

Bernhard has been cited by this court in the following cases: Owens v. Owens, 281 Ala. 239, 243, 201 So.2d 396; Brown v. Andrews, 281 Ala. 598, 601, 206 So.2d 607; Fretwell v. Fretwell, 283 Ala. 424, 425, 218 So.2d 138; Killingsworth v. Killingsworth, 284 Ala. 524, 528, 226 So.2d 308; Summerlin v. Bowden, 286 Ala. 391, 392, 240 So.2d 356; Shrout v. Seale, 287 Ala. 215, 217, 221, 250 So.2d 592; and Willis v. James, 287 Ala. 653, 254 So.2d 717.

This court has not intimated in any of these cases that the rights acquired were not the rights acquired under the language and holding in *Bernhard.*

In 1970, this court said:

"Joint tenancies with the right of survivorship in cases involving husbands and wives can present problems when the parties are divorced. However, the tenure under deeds similar to the one here does not arise from the relationship of the tenants, or status, but from the deed creating the estate, and, therefore, divorce does not affect the rights of the parties. Hence, the rule was established in *Bernhard,* supra, that a sale for division could not be compelled if one of the tenants objects is controlling, even though the tenants in *Bernhard* were estranged and not divorced.

". . . . . . . . . .

"We do feel that we can safely say that the present Alabama law is to the effect that in cases involving deeds similar to the one here, there can be no compulsory partition in the absence of consent of the tenants, except in those cases where the tenants have invoked the jurisdiction of the equity court in a divorce proceeding with regard to the property in question.

"In view of the construction which we have placed upon our partition statute, it is up to the Legislature in its wisdom to decide whether to make provision for the partition of property held by tenants in common, with right of survivorship, when the tenants are divorced even when one tenant objects." Summerlin v. Bowden, supra, 286 Ala. at page 393, 240 So.2d at page 357.

In 1971, this court said:

"In Bernhard, we held that there can be no sale for division in the case of a so-called 'survivorship deed,' over the objection of one tenant during the joint lives because the 'interest in remainder' is not subject to division. (278 Ala. at p. 243, 177 So.2d at p. 567.)" Willis v. James, supra, 287 Ala. at page 658, 254 So.2d at page 721.

As Judge Collier said in dissent in Bryant v. Simpson, 3 Stew. 339:

". . . . I believe with Mr. Jenkins, that 'variety of judgments and novelty of opinions, are the two great plagues of a commonwealth.' The decisions of a tribunal of the last resort, should possess permanence and stability of character. They should not be disregarded by the Court that pronounced them, though they may not correctly ascertain the law, unless a greater inconvenience would result from an adherence to them. Next to correctness of decision, nothing is so well calculated to give character to the bench, as a regard for precedent and harmony in its judgments. . . . ." (3 Stew. at 343)

I submit that Bernhard established a rule of property in this state which this court has twice affirmed within the last two years, and that rule should not now be overturned.