318 So.2d 681

Carolyn GERMAINE et al.

v.

**L. L. DELAINE et al.**

**SC 1140.**

Supreme Court of Alabama.

Aug. 21, 1975.

Atchley, Atchley & Cox, Chattanooga, Tenn., Erskine R. Lindsey and Hogan, Smith & Alspaugh, Birmingham, for appellants.

**444**

Grady W. Agee, Henry L. Klein, Memphis, Tenn., Pruitt & Pruitt and W. Roscoe Johnson, III, Livingston, Powell Lipscomb, Bessemer, for appellees.

FAULKNER, Justice.

This is an appeal from a decree of the Circuit Court of Sumter County, holding that an instrument between Sadie T. Phelps and Mary E. Hill, on 13 February, 1963, created a joint tenancy with right of survivorship. We affirm.

Because the construction of the deed is the principal issue, we show it in its entirety:

"STATE OF ALABAMA
COUNTY OF SUMTER

"KNOW ALL MEN BY THESE PRESENTS: That this Indenture made and entered into on this day by and between Sadie T. Phelps, party of the first part, and Mary E. Hill, party of the second part, W I T N E S S E T H:

"THAT, WHEREAS, the said party of the first part owns and is in possession of a tract of land located in Sumter County, Alabama, which will be hereinafter described. The party of the second part is a

cousin of the party of the first part, and the parties hereto have grown up together, are closely associated and devoted to each other. It is the desire of the party of the first part that the party of the second part share with her in the ownership and possession of the said hereinafter described property, and that the title thereto pass to the survivor, in fee simple, at the death of the other.

"NOW, THEREFORE, the said party of the first part, for and in consideration of the love and affection which the said party of the first part has for the said party of the second part, the mutual benefits to be derived from the execution and delivery of these presents, and the sum of ONE AND NO/100 DOLLAR, cash to her in hand paid by the said party of the second part, the receipt of all of which is hereby acknowledged, has granted, bargained, sold and conveyed, and does hereby grant, bargain, sell and convey unto the said party of the second part, such interest as is appropriate for the said parties hereto to own, have and hold the said hereinafter described land equally, jointly, as tenants in common, with equal rights and interest in said land, and to the survivor thereof, in fee simple, said land being situate, lying and being in the County of Sumter, State of Alabama, and particularly described as follows, to-wit:

"The E ½ of Section 11; The W ½ of W ½ of Section 12; The W ½ of the W ½ of E ½ of Section 13; The NE ¼, E ½ of NW ¼ and NE ¼ of SE ¼ of Section 14, all in Township 16 North, Range 4 West, containing 1240 acres, more or less.

"Together with all and singular the tenements, hereditaments, rights, ways, privileges and appurtenances thereunto belonging or in anywise appertaining.

"TO HAVE AND TO HOLD the same unto the said parties hereto, equally, jointly, as tenants in common, with equal rights and interest for the period or term of their lives, and to the survivor thereof at the death of the other.

"IN TESTIMONY WHEREOF, the said parties hereto have hereunto set their hands and seals on this the 13 day of February, 1963.

> Sadie T. Phelps          (SEAL)
> Party of the First Part
>
> Mary E. Hill             (SEAL)
> Party of the Second Part"

■ We read the granting clause as creating a joint tenancy, in compliance with § 19, Title 47, Code of Alabama. Section 19, as amended, recognizes joint tenancy, with right of survivorship in realty and personalty. The statute requires intent of survivorship expressed in the instrument of conveyance, and eliminates common law unity of time. *Nunn v. Keith,* 289 Ala. 518, 268 So.2d 792 (1972).

Sadie T. Phelps did not convey to *herself* and Mary E. Hill, but we are of the opinion the intent is clear, she created a joint tenancy, with right of survivorship, and no arbitrary rule of construction is required. *Camp v. Milam,* 291 Ala. 12, 277 So.2d 95 (1973). The statutory words, "and in which instruments it clearly appears that the intent is to create such a survivorship . . ." is applicable in this case.

■ The remaining issue is whether Sadie T. Phelps was of sound mind when she signed the conveyance. On conflicting evidence, the trial judge found she was. Following the holdings of numerous decisions of this court on the presumption of correctness of the trial judge in ore tenus hearings, we do not disturb his findings on this issue. Our review of the evidence does not show he was palpably and clearly wrong.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.