I thought Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972) had given Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565
(1965), a decent burial; now, the majority resurrects it.
In my opinion, Nunn applied retroactively. Justice Coleman, in his dissent in Nunn, argued that holders of survivorship deeds were entitled to rely on Bernhard as "defining the rights which the grantees received by such deeds." 289 Ala. at 427,268 So.2d 801. Therefore, even though the Nunn opinion does not address its retroactivity, I think the dissent in Nunn leaves little doubt that the majority in Nunn intended for that decision to overrule Bernhard completely. Consequently, I dissent.
SHORES, J., concurs.