In Jackson v. Fillmore, 367 So.2d 948 (Ala. 1979), I stated:
 I thought Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), had given Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), a decent burial; now, the majority resurrects it.
If Jackson resurrected Bernhard, this case has Bernhard alive and well and back among us, not with a new body, but in its original form, because Jackson involved only a question of whether Nunn v. Keith was retroactive; this case involves whether Nunn v. Keith is still viable.
The majority opinion is well done and the learned Chief Justice, citing some rather ancient cases and several treatises on real property, has satisfied himself and the other justices that the estate created by the deed in question was indestructible. In my opinion, there was no need for this historical development because two Alabama cases, Bernhard v.Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), and Nunn v.Keith, 289 Ala. 518, 268 So.2d 792 (1972), squarely address this issue of the destructibility of the estate created by the deed. On this issue of destructibility, Nunn v. Keith is the latest Alabama precedent, and in my opinion, Nunn v. Keith
squarely holds that estates such as the one created here aredestructible.
Even though the Court states that this decision should not be construed as overruling Nunn v. Keith, I cannot see how it can be otherwise construed.
In the first place, Justices Merrill and Harwood, who joined in Bernhard, also joined the majority in Nunn v. Keith to overrule Bernhard. The late Mr. Justice Bloodworth, in a special concurrence in Nunn v. Keith, probably expressed best why Bernhard was overruled, and I think gave a clue to the broad holding of Nunn v. Keith when instruments containing words of survivorship are being construed. He opined:
 I concur in the opinion of the majority written by Mr. Justice Somerville. Since I authored for the court Killingsworth v. Killingsworth and Willis v. James, both referred to in the dissenting opinion of Mr. Justice Coleman, I feel constrained to add these additional comments of my own.
 That there have been difficulties encountered by this Court in applying Bernhard, is reflected in the seven subsequent decisions listed in Justice Coleman's dissent.
 These decisions which followed Bernhard, were authored by Justices Merrill, Coleman, Harwood, Maddox, McCall and myself, and were concurred in by a majority of the Court, without a dissent expressed as to the holding of Bernhard.
 My first impression was that Bernhard ought to be left undisturbed, in view of the passage of seven years since it was rendered and its having been followed in subsequent decisions. Upon mature consideration, however, I am convinced that its demise is timely. For one thing, Bernhard has raised more problems than it has settled. I believe this decision will put to rest its more perplexing problems and give certainty and a settled construction to future survivorship deeds.
 In one respect, I differ with the majority. In order to obviate one of the criticisms which Judge Coleman levies, that real estate purchases have been made in reliance on Bernhard, I would give this decision prospective effect only.
That Nunn v. Keith was intended to apply to "an instrument creating any type of concurrent ownership with right of survivorship" is apparent from the language of the opinion. Mr. Justice Somerville, writing for the majority, stated:
 The Bernhard opinion was destined to cause serious problems for parties holding title to property under an instrument creating any type of concurrent ownership with right of survivorship. [Emphasis added.]
Mr. Justice Bloodworth, in his special concurrence, stated that Bernhard "has raised more problems than it has settled," and suggested that Nunn v. Keith would "put to rest its more perplexing problems. . . ." *Page 740 
The "perplexing problems" to which Mr. Justice Bloodworth referred obviously involved the holding in Bernhard that the estate therein involved was indestructible because all the cases coming to this Court after Bernhard was decided involved the question whether the estate created by the instrument involved was destructible.
Mr. Justice Coleman, in his dissent in Nunn v. Keith, listed several of the cases which had come to this Court, which involved problems similar to that resolved in Bernhard. Nunn v.Keith, 289 Ala. at p. 527, 268 So.2d 792. Those cases were:Owens v. Owens, 281 Ala. 239, 243, 201 So.2d 396; Brown v.Andrews, 281 Ala. 598, 601, 206 So.2d 607; Fretwell v.Fretwell, 283 Ala. 424, 425, 218 So.2d 138; Killingsworth v.Killingsworth, 284 Ala. 524, 528, 226 So.2d 308; Summerlin v.Bowden, 286 Ala. 391, 392, 240 So.2d 356; Shrout v. Seale,287 Ala. 215, 217, 221, 250 So.2d 592; and Willis v. James,287 Ala. 653, 254 So.2d 717. In each of those cases, the instrument used words of survivorship in grants to two or more persons, and the question of the destructibility of the estate thereby created was squarely presented in each of the cases.
Because I was so confident that Nunn v. Keith finally settled the question of the destructibility of such estates, I not only concurred in its holding, but dissented in Jackson v. Fillmore,supra, because I thought the holding in Nunn v. Keith should be made retroactive. In short, I thought Nunn v. Keith stated the law of this state as it had been since the state was a territory. I do not disagree with the Chief Justice that a person can convey property to grantees "as tenants in common for life with cross-contingent remainders to the survivor in fee"; I do not disagree with Mr. Justice Embry in his special concurrence that parties should be able to create any estate they choose, provided it is clearly expressed in the instrument; however, I strongly disagree that persons can usewords of survivorship in a grant to two or more persons and thereby create an estate which is indestructible. I do not think that Nunn v. Keith expressly forbids the creation of cross-contingent remainders among co-owners, but I am firm in my belief that Nunn v. Keith does hold that such estates aredestructible. In fact, I think that the express holding of Nunnv. Keith, and if not the express holding, then the implied holding, is that the legislature has already said that such estates are destructible. That this was the holding of Nunn is evidenced by a reading of Mr. Justice Coleman's dissent in Nunnv. Keith, wherein he stated:
 I do not agree that the legislature intended to forbid the conveyance or devise of land to two or more persons during their joint lives with the entire fee to pass to the last survivor on the death of the other grantees. Such a conveyance creates an estate different from a common law joint tenancy.
Many of the cases which have involved the problem presented in this case came to this Court while I was a member of the Court and I authored the opinion in Summerlin v. Bowden, supra, and I dissented in Brown v. Andrews, supra. I had always questioned the holding in Bernhard with regard to the "destructibility issue." That is the reason why I thought that the opinion in Nunn v. Keith stated the law of Alabama as it had been since Alabama was a territory. In my opinion, the holding of Nunn v. Keith could be succinctly stated as follows:
 Any instrument which creates any type of concurrent ownership with right of survivorship is permissible, provided it is stated in the instrument creating the tenancy, that the tenancy is with right of survivorship, but any estate so created, is destructible.
Nunn v. Keith was intended to be the final word in "one of the most confused areas of Alabama law." The decision today unfortunately revives all of the "problems" inherent in instruments which use words of survivorship in grants or devises to two or more persons. Some of these questions are as follows: What estate did the parties intend to create — a joint tenancy or a tenancy in common with cross-contingent remainders? Are the estates destructible? Can one joint tenant or tenant in common *Page 741 
force partition or sale on his co-owner? Can creditors reach the interest of a co-owner? Can one joint tenant or tenant in common transfer his interest, and what effect does that transfer have on the nature of the instrument or interest of the co-owner? Because I think Nunn v. Keith answered all of these questions, and settled the law in this area involving instruments which use words of survivorship in grants to two or more persons, and because I think the Court fails to follow the holding of Nunn v. Keith in this case, I must respectfully dissent.
JONES, J., concurs.