I am compelled to agree with the position taken by my brother Maddox, in his dissent in this case. I do so for several reasons. First, I considered the granting clause in the instant case and compared it with the granting clause in Bernhard, as well as the interpretation placed thereon by the Bernhard
court, and the granting clause in Nunn. In the instant case the granting clause reads as follows:
 GRANTORS do hereby GRANT, BARGAIN, SELL and CONVEY unto said Grantees . . . as tenants in common and with equal rights and interest for the period or term that the said Grantees shall both survive and unto the survivor of the said Grantees, at the death of the other . . . [Emphasis added.]
In Bernhard, the deed in question contained the following clauses.
 To have and to hold unto the said Charles B. Bernhard, Jr. and Joanna T. Bernhard, his wife, as joint tenants with right of survivorship, their heirs and assigns forever; it being the intention of the parties to this conveyance, that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the grantees herein), in the event one grantee herein survives the other, the entire interest in fee simple shall pass to the surviving grantee, and if one grantee does not survive the other, then the heirs and assigns of the grantees herein shall take as tenants in common.
Bernhard, 278 Ala. at 241-2, 177 So.2d 565.
The Court in Bernhard, said that this language created an indestructible estate. It said:
 What estate was created? It is our opinion that the parties here involved intended to create and did create a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor. They carefully said that if neither survived the other, then in that event their property was to descend as if held by them as tenants in common. Such we think is consistent with the intentions of the legislature as expressed in the above quoted statute. Survivorship is allowed, if expressed, as an incident to the estate of tenancy in common. Each does not own the whole, while at the same time owning the half. Rather, each owns an undivided one-half interest in the property for life, plus the right to own the unencumbered whole if he survives his co-tenant.
Bernhard, at 243, 177 So.2d 565.
In Nunn v. Keith, the granting clause is identical to the granting clause in Bernhard, except for the names of the grantees. That clause is as follows:
 To have and to hold unto the said Ed Nunn and Katie L. Nunn and Calvin C. Keith, as joint tenants, with right of survivorship, their heirs and assigns forever; it being the intention of the parties to this conveyance, that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the Grantees herein), in the event one Grantee herein survives the other, the entire interest in fee simple shall pass to the surviving Grantee, and if one Grantee does not survive the other, then the heirs and assigns of the Grantees herein shall take as tenants in common.
Nunn, 289 Ala. at 520, 268 So.2d 792.
Justice Somerville, speaking for the court, expressly overruled the holding in Bernhard that such a granting clause created an indestructible estate. Did the court *Page 742 
in Nunn also hold that whatever the interest created, joint tenancy with right of survivorship or tenancy in common with cross contingent remainders, that such estates also were destructible? If the court did so, the majority is wrong and the circuit court is due to be affirmed. Justice Maddox, the only member of our court who was on the Nunn court, believes that it did. I must agree with him.
The majority theorizes that the Nunn decision did not reach the tenancy in common problem, but can be read as holding that the Bernhard court made a mistake in interpreting the language contained in the habendum clause to create a tenancy in common with cross contingent remainders, because the language in that deed merely created a joint tenancy with joint right of survivorship which was destructible at common law.
I cannot agree with this position because to say "joint tenancy with right of survivorship" is redundant. One of the unique features of the joint tenancy at common law was its survivorship characteristic. "Tenants [are] seised of the entire estate for the purposes of tenure and survivorship but only of an undivided part or interest for the purpose of forfeiture or immediate alienation." 20 Am.Jur.2d Cotenancy andJoint Ownership § 7, at 98 (1965) (footnote omitted). There was no need for a cross contingent remainder because at the death of one joint tenant, the impediment to the title of those that remained was removed with complete title vesting in the last survivor. However, the conveyance of one tenant severed the estate and what was left was a tenancy in common. Bernhard,278 Ala. at 242, 177 So.2d 565. On the other hand, a tenancy in common had no survivorship characteristic and if the grantees desired such an estate it could be accomplished only by attaching cross contingent remainders to the original common law estate. Therefore, it appears reasonable to me that theNunn court did not undertake to reject the Bernhard court's interpretation of the import of the granting clause in that case, but merely held that whatever estate was created was destructible.
My conclusion as to the meaning of Nunn is further strengthened by a sentence in that case: "Thus, Bernhard in creating an indestructible right of survivorship appears to result in something worse than the evil § 19 originally sought to prevent." Nunn, 289 Ala. at 522, 268 So.2d 792.
In 1852, this court said in Parsons v. Boyd, 20 Ala. 112, at 118:
 The evil that our statute intended to remedy was, to cut off the jus accrescendi, or right of survivorship, which existed at the common law, and to give to the heirs at law of joint tenants the interest of their ancestors, in the same manner as if they had held as tenants in common, and not as joint tenants. It was thought unreasonable that the death of one joint tenant should give the entire estate to the survivor for his own use, to the exclusion of the heirs or next of kin of the deceased tenant.
The evil that was spoken of that was worse than § 19 was the exceptions that were argued for in the interest of justice. One exception had to be made in the case of married couples who could not agree on disposition of their property in the event of marital discord. Our court allowed the estate to be destroyed incident to a divorce proceeding. Owens v. Owens,281 Ala. 239, 201 So.2d 396 (Ala. 1967). Other exceptions were either expressly or impliedly rejected. Summerlin v. Bowden,286 Ala. 391, 240 So.2d 356 (1970); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971). By this court's decision today, we now have joint tenancies with right of survivorship that are destructible and tenancies in common with cross contingent remainders which are not destructible. Are the results any less evil now than they were when Nunn v. Keith was decided?
Many scholars, judges and lawyers thought that this complex issue of destructibility of these estates had been decided once and for all in the Nunn case. A couple who purchased property sixteen years ago under a joint tenancy with right of survivorship or tenancy in common with right of *Page 743 
survivorship has had four major decisions from this court affecting their interest in the property acquired — Bernhardv. Bernhard; Nunn v. Keith; Jackson v. Fillmore, 367 So.2d 948
(Ala. 1979); and this case. In none of the cases have we squarely held whether the decisions there were to be applied prospectively or retrospectively. What are the rights of persons who bought property as tenants in common with joint right of survivorship after the decision in Nunn v. Keith? If there is a field for application of the doctrine of staredecisis, it is in the field of property law.
I personally have no objection to the creation of an indestructible co-ownership estate. But we are a court of law, not of feelings. The last invitation to affirm the acceptance of such an estate was in Nunn. This court declined. I believe that decision should end the matter.