**In re Edward Ralph TIBBETTS, Debtor.**

**Bankruptcy No. 94–11948.**

United States Bankruptcy Court,
S.D. Alabama.

Aug. 21, 1995.

Frank Anderson, Mobile, AL, for Alice Tibbetts.

Lionel C. Williams, Mobile, AL, for the Trustee.

### ORDER

GORDON B. KAHN, Chief Judge.

This matter having come on for hearing upon the objection of Alice Tibbetts to Trustee's proposed sale; due notice of said hearing having been given; Frank Anderson having appeared as attorney for Alice Tibbetts and Lionel C. Williams having appeared as attorney for the Trustee; and testimony having been taken and arguments having been given and the matter having been taken under submission for briefing, the Court now finds, concludes, and orders as follows:

### FINDINGS OF FACT

1. In December, 1965, the debtor and Alice Tibbetts ("ex-wife") purchased a house at 429 Gordonwood Court in Mobile, Alabama ("the property"). The property was acquired by deed recorded December 14, 1965, which conveyed the property to the Tibbetts "... as tenants in common, with equal interests for the period or term that said Grantees shall both survive, and unto the survivor of said Grantees at the death of the other, ..."

2. The Tibbetts were divorced on April 4, 1989. Paragraph 1 of the Judgment of Divorce reads as follows:

That the jointly owned homeplace of the parties, located at 429 Gordonwood Court, Mobile, Alabama, shall remain in the joint names of the parties, with the right of survivorship, until such time as the Defendant [ex-wife] remarries, at which time the homeplace shall be sold and the net proceeds derived therefrom shall be equally divided between the parties after the in-

debtedness and expenses are paid; in the interim, the Defendant shall have exclusive use and peaceful possession of said homeplace; and the Plaintiff [debtor] shall pay and be responsible for the first and second mortgage payments thereon, the said first mortgage payment is assessed as alimony.

The phrase "as tenants in common" was not used by the Domestic Court to describe the joint ownership of the property. Additionally, the property was ordered to be sold upon the remarriage of the ex-wife with the sale proceeds divided equally between the parties. This paragraph changed the manner in which the parties held title to the property.

3. The divorce was appealed by the ex-wife to the Alabama Court of Civil Appeals. In affirming the trial court's holding, the appellate court stated in part:

> The evidence reveals that the wife has worked 21 of the 30 years of the marriage and continues to do so. Her present salary almost equals that of the husband, and she has a retirement plan and insurance benefits available through her employment. The four children of the marriage are now adults.

4. The debtor filed an individual Chapter 13 bankruptcy on September 23, 1994. The case was converted to Chapter 7 on February 7, 1995. The house was not claimed as exempt.

5. On March 7, 1995, the Trustee filed a Proposal and Notice for Public Sale to take place on April 10, 1995. No objection was filed within the March 30, 1995 deadline established in the proposal. No sale was reported as having taken place on the date scheduled. On June 20, 1995, the ex-wife filed an objection to the proposed sale.

6. The fair market value of the property is between $90,000.00 and $120,000.00. There are two mortgages on the property with approximately $8,000.00 total remaining outstanding.

7. The ex-wife has a masters degree and is the principal of a parochial school. The house located on the property has four bedrooms and three baths. The property was the homeplace of the debtor, the ex-wife and their four children. The children are all grown and the ex-wife now lives there alone.

8. The property cannot be partitioned. A sale of the debtor's undivided interest would be difficult and would yield only nominal revenue. It is undisputed that the property is not used for the production of electric or gas energy.

### CONCLUSIONS OF LAW

█ It is undisputed that the debtor has an interest in the property, that his interest is not exempt, and that the Trustee may sell the debtor's interest. What is disputed is the extent of the debtor's interest and the Trustee's ability to sell the ex-wife's interest. The 1965 deed to the Tibbetts created a tenancy in common with cross-contingent remainders. This type of tenancy was held by the Supreme Court of Alabama to be indestructible without consent of both co-tenants. *Bernhard v. Bernhard,* 177 So.2d 565 (Ala. 1965). In 1972, *Bernhard* was overruled by *Nunn v. Keith,* 268 So.2d 792 (Ala.1972). *Nunn* held that a conveyance to joint tenants with rights of survivorship was a destructible tenancy which could be destroyed with the consent of all tenants. *Nunn* is prospective in its holding and has no affect on the Tibbetts original deed. If the Tibbetts had not divorced, this would determine the issue and the Trustee would be unable to force a sale of the entire property. *See, In re Spain,* 831 F.2d 236, 237 (11th Cir.1987); *In re Livingston,* 804 F.2d 1219, 1222–23 (11th Cir.1986).

█ The Tibbetts divorced in 1989, after the holding in *Nunn* was issued. It is clear under Alabama law that the Circuit Court has the power to adjust the ownership of property held by joint tenants or by tenants in common who are parties to a divorce action. *Porter v. Porter,* 472 So.2d 630, 633 (Ala.1985); *Summerlin v. Bowden,* 240 So.2d 356, 358 (Ala.1970); *Owens v. Owens,* 201 So.2d 396, 399 (Ala.1967). That is exactly what happened in the instant case. The Tibbetts divorce decree provided that the property "shall remain in the joint names of the parties, with the right of survivorship, until such time as the Defendant [ex-wife] remarries, at which time the homeplace shall be sold and the net proceeds derived there-

from shall be equally divided between the parties after the indebtedness and expenses are paid." This language converted the indestructible tenancy in common into a destructible joint tenancy, which falls within the scope of section 363(h). *See, Spain,* 831 F.2d, at 239–240; 11 U.S.C. § 363(h). Both the failure to use the phrase "as tenants in common" and the order to sell the property upon the remarriage of the ex-wife with an equal division of sale proceeds thereafter separately accomplished the conversion. *Spain,* 831 F.2d, at 239, *citing Durant v. Hamrick,* 409 So.2d 731 (Ala.1981) (must use specific language to create *Bernhard* type interest); *Owens,* 201 So.2d, at 399 (Domestic Court can destroy indestructible nature of a tenancy in common with an expressed right of survivorship by ordering conveyance of the property).

█ Section 363(h) permits sale of both the estate and a co-owner's interest in property "... in which the debtor had, at the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety ..." Four tests must be met to permit a sale under this subsection: a) partition in kind is impracticable; b) sale of the estate's undivided interest would realize significantly less for the estate than sale of the property free of the interests of co-owners; 3) the benefit to the estate of a sale of such property free of the interest of the co-owners outweighs the detriment, if any, to the co-owners; and 4) the property is not used for, or involved in any way, with the production of electric or gas energy. 11 U.S.C. § 363(h)(1–4). As found above, the property cannot be partitioned. Additionally, there is significant equity in the property which can be recognized upon a sale of the entire property, whereas a sale of the debtor's undivided interest will yield only a nominal amount. The children of the parties are grown and the ex-wife is the sole occupant of a four bedroom, three bath home. She is employed and able to earn her own way. The benefit to the estate in being able to pay some of the debtor's creditors clearly outweighs the detriment to the ex-wife in having to find new housing. Finally, as found above, it is undisputed that the property is not used for energy production.

Based upon the above findings and conclusions, the objection of Alice Tibbetts is due to be overruled and the Trustee allowed to sell both parties entire interests. Proceeds from any sale are to be held pending a determination of the extent of the liens, if any, on the property, and the costs and expenses incurred in selling the property. Now, therefore, it is

### ORDER

ORDERED, that the objection of Alice Tibbetts to the Trustee's proposed sale be, and it hereby is, OVERRULED; and it is further

ORDERED, that the Trustee be, and he hereby is, AUTHORIZED to sell the property located at 429 Gordonwood Court, Mobile, Alabama, subject to any existing liens and encumbrances and with the proceeds to replace the property until the validity and extent of such liens, if any, and the costs and expenses incurred in selling the property can be ascertained; and it is further

ORDERED, that after payment of liens and encumbrances, if any, and of costs and expenses incurred in selling said property, the Trustee shall distribute to Alice Tibbetts fifty (50%) percent of the balance remaining of the sale proceeds and the remaining fifty (50%) percent to the debtor's bankruptcy estate.