HONOR ANSON ET AL., APPELLEES, v. THERESA MURPHY, APPELLANT, IMPLEADED WITH GEORGE E. CARRUTHERS ET AL., APPELLEES.

32 N. W. 2d 271

Filed May 12, 1948. No. 32397.

*Ralph M. Anderson* and *Moodie & Burke,* for appellant.

*Cranny & Moore* and *Charles Nanfito,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This case presents the question of whether or not the two deeds involved in the second and third causes of action effectively create a right of survivorship in the grantees therein named. The trial court held that they did not. The holding being adverse to the claims of the defendant Theresa Murphy, she brings the case here on appeal.

Each of the two deeds presents the identical question. As to each deed, the defendant Theresa Murphy is the sole survivor among the grantees. We shall determine the rights of Theresa Murphy by virtue of the first deed, and the determination made will apply equally to the second.

On April 10, 1933, Mary Murphy, single, George Murphy, single, and Bernard Murphy, single, conveyed certain real estate to Mary Murphy, George Murphy, Bryan Murphy, Margaret Murphy, and Theresa Murphy "as joint tenants and not as tenants in common, their assigns, the survivor of said parties, and the heirs or assigns of the survivor, forever." The habendum clause stated in part: "To have and to hold the above described premises unto the said parties of the second part, their assigns, the survivor of said parties, and the heirs and assigns of the survivor heirs and assigns." The heirs of deceased grantees claim an interest in the property conveyed by the deeds presently before the court, while the defendant Theresa Murphy claims the ownership thereof as the sole surviving grantee.

The grantors were tenants in common who conveyed the property to themselves and others directly in the manner hereinbefore shown. In order to create a joint tenancy prior to the adoption of section 76-118, R. S. 1943, there must have been a unity of interest,

arising by the same conveyance, commencing at the same time, and held by one and the same undivided possession. Stuehm v. Mikulski, 139 Neb. 374, 297 N. W. 595, 137 A. L. R. 327. The deeds presently before us do not create a joint tenancy under the foregoing holding for the reason that they lacked the unity of time and title necessary to create such an estate. The estate actually conveyed was that of a tenancy in common. It may be that the grantors intended to create a joint tenancy and not a tenancy in common, as is evidenced by the use of the words, "as joint tenants and not as tenants in common," contained in the conveying clause, but for failure to comply with controlling rules of law, their expressed intention could not be given effect, and they in fact conveyed a tenancy in common only. Deslauriers v. Senesac, 331 Ill. 437, 163 N. E. 327, 62 A. L. R. 511. It is a fundamental rule in the construction of a deed that the courts, unless prohibited by applicable rules of law, will give effect to the intent of the parties and not so construe it as to render it a nullity.

The real contention is whether the survivorship provision contained in the conveying clause of the deed can be given effect. A joint tenancy is endowed with certain attributes which attach as incidents to the estate. The right of the survivor to take the entire fee title is one of those incidents, whether or not survivorship is specifically mentioned in the deed. In view of the fact that a survivorship clause was not necessary if a joint tenancy had been properly created, excluding the possibility that the addition of a survivorship clause to a joint tenancy by appropriate language might eliminate the destructibility to which it was subject as an incident to a properly created joint tenancy, a matter which we do not here decide, the grantors must have intended that survivorship exist whatever the estate actually conveyed might be. The sole question remaining, therefore, is whether a survivorship pro-

vision can properly be attached to a tenancy in common. We think that it can.

The English common law recognized that a right of survivorship could be attached to a tenancy in common. In the case of Doe, on the Demise of Sarah Borwell v. Abey, 1 Maule & Selwyn's Rep. 428, it was said: "The fair construction is to treat it as a devise to the sisters as tenants in common with benefit of survivorship, and thereby give effect to all the words. A tenancy in common with benefit of survivorship is a case which may exist, without being a jointenancy; because survivorship is not the only characteristic of a jointenancy."

In Burns v. Nolette, 83 N. H. 489, 144 A. 848, 67 A. L. R. 1051, in a case involving the same principle, the court said: "If the intent to create a right of survivorship is expressed, it is to be given effect. * * * That it recites a purpose to create a joint tenancy, as well as a right of survivorship, does not render the latter object invalid if the provision as to joint tenancy is ineffective because the four unities are not present. Survivorship without joint tenancy being permissible, and survivorship being the real object evidently in view, it is not to be defeated because the depositor, or the bank officials who advised her, mistook the technical meaning of the term joint tenancy and used it to describe a transaction to which it was inapplicable." The reasoning of this case has particular application to the confronting problem.

In Mitchell v. Frederick, 166 Md. 42, 170 A. 733, 92 A. L. R. 1412, it was said: "Whatever may be the proper description of the estates conveyed in those deeds, the intention to attach the right of survivorship is made clear, and is effectual. Even a tenancy in common may have a right of survivorship attached to it if the grantor expresses an intention that it shall be so." See, also, Hass v. Hass, 248 Wis. 212, 21 N. W. 2d 398. The majority rule in this country appears to follow the common law rule announced. We hold, therefore, where

language creating a tenancy in common is accompanied by appropriate words reciting a purpose to create a right of survivorship, the intention to create survivorship is effectual.

It must be borne in mind that the creation of a joint tenancy includes the right of the survivor to take the whole estate as an incident thereto. In this respect it will be noted that an estate in joint tenancy can be destroyed by an act of one joint tenant which is inconsistent with joint tenancy and that such an act has the effect of destroying the right of survivorship incidental to it. After the destruction of a joint tenancy by a joint tenant, nothing more than a tenancy in common remains. A survivorship attached to a tenancy in common is indestructible except by the voluntary action of all the tenants in common to so do. It will be noted, also, that survivorship as it relates to a tenancy in common is subject to certain restrictions, such as liability of the surviving estate for the debts of the deceased tenant in common, a liability which does not exist in the case of a survivorship incident to a properly created joint tenancy that is in existence upon the death of a joint tenant. In other words, survivorship attached to a tenancy in common does not have the same legal effect, under all circumstances, as that which is incidental to a joint tenancy. Taaffe v. Conmee, 10 H. L. Cases, 64. But to the extent that it can be made effective in connection with the nature of the estate to which it is attached, appropriate words of survivorship will be carried out in accordance with the intent of the grantors. The trial court was in error in not so holding. The judgment of the district court is reversed with instructions to deny the prayer of plaintiffs' petition and to quiet the title to the property involved in Theresa Murphy as the sole surviving grantee.

REVERSED AND REMANDED.

SIMMONS, C. J., concurring.

I concur in the result. I have not changed my views

expressed in the dissenting opinion in Stuehm v. Mikulski, 139 Neb. 374, 297 N. W. 595, 131 A. L. R. 327. To the cases there cited I add Therrien v. Therrien, 94 N. H. 66, 46 A. 2d 538, 166 A. L. R. 1023; Switzer v. Pratt, 237 Iowa 788, 23 N. W. 2d 837; Jones v. Jones (Tenn.), 206 S. W. 2d 801.