Plaintiff appeals from an adverse judgment of the Circuit Court of Mobile County, in a civil action filed against defendant, Steven O. Hamrick, the son of plaintiff's deceased wife, seeking to cancel and set aside a conveyance of real estate from plaintiff's wife to defendant. Plaintiff claimed that his wife was not mentally or physically competent and the execution of the deed was the result of undue influence exercised on her by the defendant, her son.
Plaintiff further claimed to own the property in question (2 parcels) under deeds which conveyed the property to plaintiff and his wife as concurrent owners with certain survivorship provisions which will be discussed more fully in this opinion.
The controlling facts on this appeal are as follows: Over a period of some five years, plaintiff and his wife acquired approximately 31.5 acres of land in four contiguous parcels. Only two parcels are the subject of this appeal. These parcels were acquired in 1968 and 1969 by plaintiff and his wife under deeds of conveyance with identical granting clauses which read as follows:
 Grantors do hereby GRANT, BARGAIN, SELL AND CONVEY unto said Grantees . . . as tenants in common and with equal rights and interest for the period or term that the said Grantees shall both survive and unto the survivor of the said Grantees, at the death of the other. . . .
The habendum clause in each of these conveyances reads as follows:
 TO HAVE AND TO HOLD the same unto the Grantees in the manner and interest as set forth and stated herein above. *Page 733 
By deed dated December 19, 1977, plaintiff's wife sought to convey her interest in this property to her son, defendant herein, subject to a life estate reserved in the grantor, plaintiff's wife. This deed made no reference to the interest in the property then owned by plaintiff's wife. The trial court held adversely to plaintiff on both theories. As to the December 1977 deed to defendant, the court concluded that plaintiff's wife had validly conveyed her one-half interest in the property described therein. The basis for the trial court's decree was reliance on this Court's decision in Nunn v. Keith,289 Ala. 518, 268 So.2d 792 (1972).
The issues on this appeal present to this Court an interesting and significant case concerning the property laws of this state. In order to resolve these issues, we deem it necessary to review and discuss, from a historical perspective, the nature and characteristics of the concurrent ownership of property by two or more individuals under property laws involving joint tenancies as distinguished from tenancies in common.
At English common law, joint tenancies rather than tenancies in common were favored. 4 G. Thompson, Commentaries on theModern Law of Real Property § 1775 (1979); 4A R. Powell, TheLaw of Real Property § 602 (Rohan ed. 1979). As a matter of law, where a deed conveyed property to two or more persons jointly, the common law presumed that the interest created in the grantees was that of a joint tenancy. II W. Blackstone,Commentaries on The Laws of England 180. In order to create a tenancy in common, it was necessary that the conveyance be specific and affirmatively provide language to confirm the grantor's intent to create a tenancy in common. 4 G. Thompson,supra, at § 1775; 4A R. Powell, supra, at § 602.
American property law developed to the contrary, favoring tenancies in common and not joint tenancies. The members of the First General Assembly of the Alabama Territory followed this development by enacting a statute in 1818, concerning which the Supreme Court as early as 1852 noted the following:
 Our statute, it is true, has done away with all joint tenancies, as known at the common law, and declares that when two or more persons shall hold an estate, real or personal, jointly, and one joint tenant dies before severance, his interest in the joint estate shall not survive to the remaining joint tenant or joint tenants, but shall descend to, and be vested in, his heirs or other legal representatives, in the same manner as if his interest had been severed and ascertained; Clay's Digest 169. . . . The evil that our statute intended to remedy was, to cut off the jus accrescendi, or right of survivorship, which existed at the common law, and to give to the heirs at law of joint tenants the interest of their ancestors, in the same manner as if they had held as tenants in common, and not as joint tenants. It was thought unreasonable that the death of one joint tenant should give the entire estate to the survivor for his own use, to the exclusion of the heirs or next of kin of the deceased tenant.
Parsons v. Boyd, 20 Ala. 112, 118 (1852).
This statute was carried forward in successive Codes and was codified in the 1940 Code of Alabama in the following language:
 When one joint tenant dies before the severance, his interest does not survive to the other joint tenants, but descends and vests as if his interest had been severed and ascertained.
Code 1940, Tit. 47, § 19.
Having abolished joint tenancies at common law, the above statute was amended in 1945 by the addition of the following language:
 [P]rovided, however, that in the event it is stated in the instrument creating such tenancy, that such tenancy is with right of survivorship, or other words used therein showing such intention, then upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument.
Code 1940, Tit. 47 § 19 (Recompiled 1958); See 1945 Ala. Acts No. 505 at 730. *Page 734 
This development of the statutory law in our state was discussed in the case of Bernhard v. Bernhard, 278 Ala. 240,177 So.2d 565 (1965). In that case, a husband filed a partition suit for sale and division of property which had been conveyed to the husband and wife "as joint tenants with right of survivorship, [and to] their heirs and assigns forever"; that deed contained the following provision: "[I]t being the intention of the parties to this conveyance, that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the grantees herein), in the event one grantee herein survives the other, the entire interest in fee simple shall pass to the surviving grantee. . . ." In that case, this Court gave effect to the intention of the parties as determined from the language in the deed "consistent with the intentions of the legislature as expressed in the above quoted statute." Bernhard, 278 Ala. at 243, 177 So.2d 565.
In Bernhard, the court held:
 [T]he parties here involved intended to create and did create a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor. They carefully said that if neither survived the other, then in that event their property was to descend as if held by them as tenants in common. Such we think is consistent with the intentions of the legislature as expressed in the above quoted statute. Survivorship is allowed, if expressed, as an incident to the estate of tenancy in common. Each does not own the whole, while at the same time owning the half. Rather, each owns an undivided one-half interest in the property for life, plus the right to own the unencumbered whole if he survives his co-tenant.
Bernhard, 278 Ala. at 243, 177 So.2d 565.
Partition by sale and division was not allowed because the property interests created were indestructible by the acts of one owner.
Bernhard remained the law in Alabama until the decision inNunn v. Keith. The conveyance in Nunn involved a habendum clause virtually identical to the one in Bernhard. Nunn
expressly overruled Bernhard. Nunn, 289 Ala. at 523,268 So.2d 792. Bernhard having been overruled, it is now instructive to consider this Court's latest pronouncement with respect to this type of conveyance. First, in discussing the holding in theBernhard case, Justice Sommerville, writing for the Court, stated:
 [T]he court [in Bernhard] found that the parties intended to and did create a tenancy in common during their joint lives with right of survivorship which was indestructible except with the consent of every tenant. To arrive at this conclusion, as to indestructibility, the court had equated a tenancy in common, with right of survivorship, to a tenancy in common for the joint lives of the tenants with cross-contingent remainders in both tenants, an estate recognized in some other jurisdictions. . . . Stated concisely, the rule established by Bernhard is that where two or more persons own property concurrently, with right of survivorship, regardless of what language is used in the instrument creating the estate, they are, by virtue of § 19, Title 47 [Code 1975, § 35-4-7], tenants in common with right of survivorship and such ownership cannot be terminated except upon the deaths of all but the last survivor, or upon partition or sale with the consent of every cotenant.
Nunn, 289 Ala. at 522, 268 So.2d 792.
In Nunn, the court was faced with the situation in which two concurrent owners held property under an instrument which stated that they were joint tenants with right of survivorship and one of these two concurrent owners conveyed his interest to himself and another. The Court in Nunn specifically held contrary to Bernhard with respect to the nature of the property interests created, although the language in the Nunn deed was virtually identical to that used in the Bernhard conveyance:
 [T]he Legislature amended the statute (Title 47, § 19) to make it possible to convey in joint tenancy, with right of survivorship, simply by expressly stating *Page 735 
such intention in the instrument of conveyance. The statute as amended refers to joint tenants, not tenants in common. There is nothing in the amended statute to suggest that the Legislature had any intention but to revive common law joint tenancy with the single requirement that the parties must clearly express an intention to have the right of survivorship in the instrument.
Nunn, 289 Ala. at 523, 268 So.2d 792 (emphasis added).
The Court, in Nunn, found support for the above statement by referring to a 1951 amendment to Section 19 which eliminated one of the requirements found in joint tenancies, that is, the unity of time.
The court in Nunn summarized its holding as follows:
 We must conclude that the Legislature intended to and did revive common law joint tenancies in Alabama through the 1945 amendment, but simply wished to require the parties to clearly express their intentions as to survivorship. As indicated above, the 1951 amendment merely served to remove the common law requirement of unity of time in creating such estates. In summary, we hold that § 19, as now amended, recognizes joint tenancy, with right of survivorship, as a valid estate in realty or personalty, and that it differs from the common law estate of the same name only [insofar] as (1) the statutory requirement that the intention to have the right of survivorship must be clearly expressed in the instrument of conveyance, and (2) elimination of the common law unity of time. We further hold that such estate is destructible as at common law.
 Having determined that it is indeed possible to establish joint tenancies in Alabama, with all of the incidents and attributes that existed at the common law (except as expressly modified by § 19), we can now resolve the questions presented by the instant case. The 1949 deed conveying the subject real property . . . created a joint tenancy, with right of survivorship, as clearly expressed on the face of the instrument.
Nunn, 289 Ala. at 523-24, 268 So.2d 792.
The conveyance by one joint tenant to a third party destroys the joint tenancy and a tenancy in common among the new owners is created by operation of law. Nunn, 289 Ala. at 524,268 So.2d 792.
Turning now to the consideration of the deeds of conveyance in the present case, it is necessary to determine the nature of the property interests created by the language contained in both the 1968 and 1969 deeds to the plaintiff and his wife, to-wit: "GRANT, BARGAIN, SELL AND CONVEY unto the said Grantees . . . as tenants in common and with equal rights and interests for the period or term that the said Grantees shall both survive and unto the survivor of the said Grantees, at the death of the other. . . ." If the 1968 and 1969 deeds created and vested in plaintiff and his wife the same property interests as were created in the deed construed in Nunn v.Keith (a common law joint tenancy, modified by Alabama statute), then the 1977 conveyance from plaintiff's wife to her son destroyed the joint tenancy and plaintiff and defendant became owners as tenants in common. Then, of course, the trial court would be correct, and Nunn v. Keith would be dispositive of this issue. Our view is to the contrary, as we recognize certain basic differences between joint tenancies (sometimes referred to as joint tenancies with right of survivorship) and tenancies in common:
 In a joint tenancy at common law each tenant was seized of some fractional share while at the same time each owned the whole. The most significant feature of such a tenancy was the right of survivorship. When one joint tenant died, the deceased's share was owned by the surviving tenants jointly, until only one remained, who then owned the fee. The last survivor took nothing by survivorship as he had always owned the whole. The deaths of the other joint tenants merely removed impediments to the survivor's complete ownership. At common law, a *Page 736 
joint tenancy could be created only where the four unities of time, title, interest, and possession were present and the destruction of any of these would terminate the joint tenancy. Thus, a conveyance by a joint tenant of his interest in the property would destroy the joint tenancy.
Nunn, 289 Ala. at 520-21, 268 So.2d 792.
While Bernhard held that the provisions of a deed conveying property to grantees "as joint tenants with right of survivorship" created a tenancy in common during the joint lives with right of survivorship which was indestructible, Nunn
expressly overruled Bernhard by holding the deed created a joint tenancy with right of survivorship as authorized by statute (Code 1940, Tit. 47 § 19, now Code 1975, § 35-4-7). Thus, this latest pronouncement clearly recognizes the difference in Alabama between joint tenancies with right of survivorship and tenancies in common.
What, then, are the nature and characteristics of the property interests created in the 1968 and 1969 deeds? The language clearly conveys to grantees "as tenants in common." Alabama law favors tenancies in common over joint tenancies; therefore, we hold that the grantees took title as tenants in common, and not as joint tenants.
 Joint tenancy was the product of feudalism, and that character of tenure was favored, because it tended to combine or unite the feudal service, and to consolidate the tenure, and to strengthen the military service growing out of that tenure. With the passing of the feudal system, joint tenancy came to be regarded with as little favor in England as in this country. In England, as in America, courts of law and equity will construe expressions in a conveyance as importing a condition in favor of a tenancy in common, rather than a joint tenancy, and effect will be given accordingly.
In re Hutchison's Estate, 120 Ohio St. 542, 166 N.E. 687, 690
(1929).
The case at hand, however, presents the further and decisive question of whether Alabama property law recognizes a form of concurrent ownership of property by individuals as tenants in common with provisions for the equal rights and interestsduring the lives of the owners with the fee to vest in thesurvivor. If so, we must decide the nature and characteristics of this form of concurrent ownership.
Again, considering English common law, it has been recognized that a right of survivorship could be attached to a tenancy in common:
 The fair construction is to treat it as a devise to the sisters as tenants in common with benefit of survivorship, and thereby give effect to all the words. A tenancy in common with benefit of survivorship is a case which may exist, without being a [joint tenancy]; because survivorship is not the only characteristic of a [joint tenancy].
Doe v. Abey, 1 Maule Seiwyn's Rep. 428, 105 Eng.Rep. 160, 163 (K.B. 1813).
We are persuaded that Alabama should likewise recognize a form of concurrent property ownership as tenants in common which provides for survivorship. This form of concurrent ownership can be characterized as creating concurrent life estates with cross-contingent remainders in fee; or a tenancy in common for life with a contingent remainder in favor of the survivor. See, 1 Tiffany, Real Property 635 (2d ed.).
Other states, having abolished or restricted the use of joint tenancies, have recognized tenancies in common with right of survivorship. The Supreme Court of Minnesota, in Papke v.Pearson, 203 Minn. 130, 280 N.W. 183, 185 (1938), held that estates may be held by tenants in common with the benefit of survivorship. The Supreme Court of Nebraska, considering a deed conveying title "as joint tenants and not as tenants in common" with survivorship, held the conveyance failed to create joint tenancy, lacking unity of time and title, but created a tenancy in common with survivorship. Anson v. Murphy, 149 Neb. 716,32 N.W.2d 271 (1948). In Mitchell v. Frederick, 166 Md. 42,170 A. 733, 735-36 (1934), it was held: "Even a tenancy in common may have a right of survivorship attached to it if *Page 737 
the grantor expresses an intention that it shall be so." In construing a deed conveying property to two persons "and the survivor of them, in her or his own right," the Supreme Court of Illinois held that the survivorship provision in the deed was placed in the deed for a purpose and could not be arbitrarily rejected, Mittel v. Karl, 133 Ill. 65, 24 N.E. 553
(1890),[1] in effect holding that the deed in question conveyed to the grantees for life with a contingent remainder in fee to the survivor.
A tenancy in common for life with contingent remainder in fee in the survivor differs from a joint tenancy in that the right of survivorship in one tenant in common is not destructible by the act of the other. 4A R. Powell, supra, § 616 at 669; 4 G. Thompson, supra, § 1775.
 It has been sometimes objected that this interpretation of the word "survivor," cannot be adopted where there is a gift to several persons as tenants in common, not as joint tenants. But there is obviously a very great distinction between the limitation of survivorship that is involved in a gift of joint tenancy, and the limitation of the word "survivor" which is annexed to a tenancy in common. The survivorship involved in an estate in joint tenancy is that which is capable of being defeated at the pleasure of the joint tenant, so that if, by alienation or otherwise, the joint tenancy is converted into a tenancy in common, the survivorship ceases; but when a gift to the "survivor" is annexed to a tenancy in common and not to a joint tenancy, then the limitation takes effect by virtue of the gift, and not by virtue of something involved in a limitation of joint tenancy.
Taaffe v. Conmee, 11 Eng.Rep. 949, 954-55 (H.L. 1862).
The power to defeat the survivorship interest does not extend to cotenants who hold concurrent life estates with contingent remainders. The contingent remainder held by a cotenant cannot be defeated by the other. Halleck v. Halleck, 216 Or. 23, 41,337 P.2d 330, 338 (1959). See also, Papke v. Pearson, 280 N.W. at 185. In Hass v. Hass, 248 Wis. 212, 22 N.W.2d 151 (1946), the Supreme Court of Wisconsin recognized "survivorship" provisions in three classes of cases: (1) those involving a joint tenancy (survivorship being dependent upon the nature of the tenancy); (2) estates by the entirety (now abolished); and (3) those where a surviving tenant in common by virtue of the express terms of the instrument takes the remainder. "Perhaps it would be more accurate to say that such an instrument creates an indestructible remainder rather than a type of survivorship." Hass v. Hass, 22 N.W.2d at 151. "A survivorship attached to a tenancy in common is indestructible except by the voluntary action of all the tenants in common to so do." Ansonv. Murphy, 32 N.W.2d at 273.
Since this Court's decision in Nunn v. Keith, commentators have discussed the question as to the effect of that decision on conveyances which, at common law, created a tenancy in common for life with cross-contingent remainders. 4 Cum.L.Rev. 190 (1973); and 25 Ala.L.Rev. 851 (1973). One commentator concluded that Nunn v. Keith settled one of the most confused areas of Alabama property law, and that the concepts of concurrent ownership existing only by tenancy in common and of survivorship existing in the form of contingent remainders were abolished. 4 Cum.L.Rev. at 198. This issue was somewhat more accurately expressed by another commentator who stated that "the courts will often find themselves faced with instruments either drafted specifically to produce a Bernhard-type estate [tenancy in common for life with right of survivorship] or drafted ambiguously, and the courts will be forced to decide whether Nunn causes all survivorship instruments to create joint tenancies or merely permits the joint tenancy estate in addition to the Bernhard-type estate." 25 *Page 738 
Ala.L.Rev. at 870. While it is certainly a principal responsibility of courts of last resort to see that their decisions possess permanence and stability of character, Bryantv. J. T. Simpson, 3 Stew. 339 (Ala. 1831) (Collier, J., dissenting), we are compelled to consider and apply well known principles of property law rather than to hold in simplistic fashion that common law joint tenancies as modified by statute are the same as tenancies in common for life with cross-contingent remainders to the survivor in fee.
Additionally, we have considered public policy arguments against "survivorship" provisions in conveyances of property. One might construe the 1818 Alabama territorial statute as such a declaration. However, the Alabama legislature subsequently authorized survivorship in joint tenancies by amending the 1818 Act in 1945. See, 1945 Alabama Act No. 505. See also, Nunn v.Keith, 289 Ala. at 521-24, 268 So.2d 792. "[T]he grant of an estate for life, and a contingent remainder in fee to the survivor, violates no rule of the common law . . . and we perceive no reason why it should not be sustained. . . ."Mittel v. Karl, 24 N.E. at 555.
Nor is it improbable or unreasonable to suppose an intention of an owner of property to keep the property together for the benefit of the ultimate survivor, instead of allowing it to stand subject to partition and dissipation by any one of several possible events occurring during a joint tenancy. Vickv. Edwards, 3 P.Wms. 372, 24 Eng.Rep. 1107 (1735).
We hold that the 1968 and 1969 deeds in issue on this appeal did, as a matter of well established property law, create in the original grantees therein a form of concurrent ownership in property as tenants in common during the respective lives of the grantees with cross-contingent remainders in fee to the survivor. Accordingly, because such interests are indestructible by the act of one cotenant, the defendant, under the facts in this case, has no interest in the two parcels of real estate which are the subject of this appeal.
Our decision in this case should not be construed as overruling Nunn v. Keith. On the contrary, Nunn dealt with a conveyance to "joint tenants," not tenants in common. Nunn
construed our statute relating to joint tenancy, not tenancy in common. The statute itself speaks in terms of joint tenants, not tenants in common. As to public policy considerations respecting "survivorship" provisions, it is clearly a legislative prerogative to enact an appropriate statute declaring any form of "survivorship" in property void whether in the form of joint tenancy or tenancy in common for life with cross-contingent remainders to the survivor in fee. In this case we simply recognize another form of concurrent ownership of property with provisions for survivorship — as tenants in common for life with cross-contingent remainders to the survivor in fee, indestructible as at common law.
REVERSED AND REMANDED.
ALMON, SHORES and BEATTY, JJ., concur.
EMBRY, J., concurs specially.
MADDOX, FAULKNER, JONES and ADAMS, JJ., dissent.
[1] Illinois had enacted a statute which recognized joint tenancies, but abolished the survivorship aspect thereof.