**In the Matter of William Harold SPAIN, Debtor.**

**John P. WHITTINGTON, Trustee, Plaintiff,**

**v.**

**GILBRALTER SAVINGS & LOAN ASSOCIATION, North Shelby County Fire District, Tax Collector of Shelby County, & Mary P. Spain, Defendants.**

**Bankruptcy No. 79–03543**
**Adv. No. 83–1122.**

United States Bankruptcy Court,
N.D. Alabama, S.D.

Dec. 4, 1985.

Milton G. Garrett, Birmingham, Ala., for debtor.

J.N. Holt, Birmingham, Ala., for trustee.

J.H. Crow, III, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION AND ORDER

STEPHEN B. COLEMAN, Bankruptcy Judge.

This case was filed as a voluntary Chapter 7 by the husband only on October 9, 1979. It has been in constant litigation since that time. There were eleven adversary proceedings filed and all have been disposed of and closed, except the present one. Mr. and Mrs. Spain have lived in their home in Shelby County, Alabama since August of 1973, having purchased the property by warranty deed containing the following language:

> ... the said GRANTOR does by these presents, grant, bargain, sell and convey unto
>
> WILLIAM HAROLD SPAIN and wife, MARY P. SPAIN
>
> [herein referred to as GRANTOR] for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion....

There has been neither divorce nor transfer unless the filing of this petition under Chapter 7 by the husband created one.

The trustee, on October 19, 1985, filed a complaint for the public or private sale of the home against the wife, Mary P. Spain, and others, merely alleging:

> That it would be in the best interests of this estate if said real estate was sold and this Court determine the priorities as to the proceeds of sale.

Mary P. Spain, after several motions relating to service of process, filed on September 16, 1985, her objection to jurisdiction of Court to authorize sale of the real estate, refusing her consent, and averring:

> A. That the movant is in possession of the real property above described.
>
> B. That the movant is a joint owner with the Bankrupt of said property as a tenant in common with joint right or expectancy of survivorship; which said estate is indestructible under the laws of the State of Alabama and further that the expectantcy or right of survivorship in the remainder interest in said property is not subject to levy or sale under the laws of the State of Alabama.

It is acknowledged that Mr. and Mrs. Spain acquired title by "joint tenancy" with right of surivorship, and so continue to hold as joint tenants unless the voluntary bankruptcy of Mr. Spain has severed the

estate, or as tenants in common as averred in paragraph B above. Is Mrs. Spain's title controlled by *Nunn v. Keith*, 289 Ala. 518, 519, 268 So.2d 792 (1972), or by *Durant v. Hamrick*, 409 So.2d 731 (Ala.1982), and is it indestructible as she contends?

Justice Somerville declared in *Nunn v. Keith*, 289 Ala. at 520, 268 So.2d at 794, in dealing with the nature of joint tenancy with right of survivorship, "This appeal raises a question which can only be answered by delving into one of the most confused areas of Alabama law." Justice Somerville's excellent and lucid opinion traces the history of joint tenancies in Alabama from 1833 and declares:

> In summary, we hold that § 19 [Title 47 § 19], as now amended, recognizes joint tenancy, with right of survivorship, as a valid estate in realty or personalty, and that it differs from the common law estate of the same name *only* in so far as (1) the statutory requirement that the intention to have the right of survivorship must be clearly expressed in the instrument of conveyance, and (2) elimination of the common law unity of time. We further hold that such estate is destructible as at common law.

289 Ala. at 524, 268 So.2d at 797.

For more than a decade the Justices of the Supreme Court of Alabama have debated, dissented and discussed the problems of "survivorship" and estates in land and whether and what can cause the severance or destruction of the estate. No better illustration of the problems can be offered than the quotations from Chief Justice Torbert's opinion in *Durant v. Hamrick*, 409 So.2d at 738:

> We hold that the 1968 and 1969 deeds in issue on this appeal did, as a matter of well established property law, create in the original grantees therein a form of concurrent ownership in property as tenants in common during the respective lives of the grantees with cross-contingent remainders in fee to the survivor. Accordingly, because such interests are indestructible by the act of one cotenant, the defendant, under the facts in this

case, has no interest in the two parcels of real estate which are the subject of this appeal.

Our decision in this case should not be construed as overruling *Nunn v. Keith*. On the contrary, *Nunn* dealt with a conveyance to "joint tenants," not tenants in common. *Nunn* construed our statute relating to joint tenancy, not tenancy in common. The statute itself speaks in terms of joint tenants, not tenants in common. As to public policy considerations respecting "survivorship" provisions, it is clearly a legislative prerogative to enact an appropriate statute declaring any form of "survivorship" in property void whether in the form of joint tenancy or tenancy in common for life with cross-contingent remainders to the survivor in fee. In this case we simply recognize another form of concurrent ownership of property with provisions for survivorship—as tenants in common for life with cross-contingent remainders to the survivor in fee, indestructible as at common law.

I quote also from the dissenting opinion of Justice Maddox:

> *Nunn v. Keith* was intended to be the final word in "one of the most confused areas of Alabama law." The decision today unfortunately revives all of the "problems" inherent in instruments which use words of survivorship in grants or devises to two or more persons. Some of these questions are as follows: What estate did the parties intend to create—a joint tenancy or a tenancy in common with cross-contingent remainders? Are the estates destructible? Can one joint tenant or tenant in common force partition or sale on his co-owner? Can creditors reach the interest of a co-owner? Can one joint tenant or tenant in common transfer his interest, and what effect does that transfer have on the nature of the instrument or interest of the co-owner? Because I think *Nunn v. Keith* answered all of these questions, and settled the law in this area involving instruments which

use words of survivorship in grants to two or more persons, and because I think the Court fails to follow the holding of *Nunn v. Keith* in this case, I must respectfully dissent.

409 So.2d at 739. I also quote the dissenting opinion of Justice Adams:

The evil that was spoken of that was worse than § 19 was the exceptions that were argued for in the interest of justice. One exception had to be made in the case of married couples who could not agree on disposition of their property in the event of marital discord. Our court allowed the estate to be destroyed incident to a divorce proceeding. *Owens v. Owens*, 281 Ala. 239, 201 So.2d 396 (Ala. 1967). Other exceptions were either expressly or impliedly rejected. *Summerlin v. Bowden*, 286 Ala. 391, 240 So.2d 356 (1970); *Shrout v. Seale*, 287 Ala. 215, 250 So.2d 592 (1971). By this court's decision today, we now have joint tenancies with right of survivorship that are destructible and tenancies in common with cross contingent remainders which are not destructible. Are the results any less evil now than they were when *Nunn v. Keith* was decided?

Many scholars, judges and lawyers thought that this complex issue of destructibility of these estates had been decided once and for all in the *Nunn* case. A couple who purchased property sixteen years ago under a joint tenancy with right of survivorship or tenancy in common with right of survivorship has had four major decisions from this court affecting their interest in the property acquired—*Bernhard v. Bernhard* [278 Ala. 240, 177 So.2d 565 (1965)]; *Nunn v. Keith; Jackson v. Fillmore*, 367 So.2d 948 (Ala.1979); and this case. In none of the cases have we squarely held whether the decisions there were to be applied prospectively or retrospectively. What are the rights of persons who bought property as tenants in common with joint right of survivorship after the decision in *Nunn v. Keith?* If there is a field for application of the doctrine of *stare decisis*, it is in the field of property law.

I personally have no objection to the creation of an indestructible co-ownership estate. But we are a court of law, not of feelings. The last invitation to affirm the acceptance of such an estate was in *Nunn*. This court declined. I believe that decision should end the matter.

409 So.2d at 742, 743.

There is yet a more perplexing problem when the *trustee* in bankruptcy of the husband's estate seeks to sell the wife's interest against her will and consent. This issue brings into play a glaring defect in the title of the trustee caused by the failure to carry forward into the Bankruptcy Reform Act of 1978, former Section 70(a) of the Bankruptcy Act, which transferred title of the bankrupt to the trustee in the following language:

Title to Property. a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located.

See also 4A *Collier on Bankruptcy* § 70, at 60 (14th ed. 1978), from which I quote:

Accordingly, the general rule and the exceptions may be summarized in this fashion: Under § 70a the trustee is vested with the title of the bankrupt to all of his property of whatever kind and wherever located at the date of the filing of the petition except that which is exempt under the laws of the jurisdiction governing the matter of exemptions. The trustee takes such property not as a bona fide purchaser but in the dual role of a successor to the title of the bankrupt himself and of a creditor with a judgment, with an execution returned unsatisfied and one with a lien acquired through legal or equitable proceedings. More-

over, certain transfers, including certain liens, are voidable by the trustee under positive provisions of the Bankruptcy Act.

The Bankruptcy Reform Act omitted Section 70a and instead enacted Section 541 creating property of the estate, viz:

Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

See also subsections (5) to (7) and (b) and (c).

It was the declared purpose of the drafters of the 1978 Act to disregard state law and to take as property of the estate any lands of the husband and wife for the payment of the husband's debts whether state law permitted such a right or not, as explained by Professor King in his version of section 541 as declared in 4 *Collier on Bankruptcy* § 541.02 at 541–10, (15th ed. 1985) 541–12:

Section 541 reflects a new concept concerning property of the estate under the Code. This new concept is the substantial departure under the Code from the extensive reliance of the Bankruptcy Act on nonbankruptcy law, usually state law, to determine what property will come into the estate.

Because the bankruptcy system functions within the larger context of the federal system, complete independence from nonbankruptcy law is not possible. Section 541 of the Code, as did Section 70 of the Bankruptcy Act, provides a system for dealing with the debtor's interest in property, and of his debts. However, the existence and nature of the debtor's interest in property, and of his debts, are determined by nonbankruptcy law. Neither the Code nor the Bankruptcy Act provides any rules for determining whether the debtor has an interest in property or whether he owes a debt. Determination of these issues, therefore, requires resort to nonbankruptcy law. Beyond this basic, necessary reliance on nonbankruptcy law to determine the existence and nature of an interest in property or of a debt, the Bankruptcy Act added a secondary level of dependence on nonbankruptcy law. Section 70a provided that the trustee would be vested by operation of law with the bankrupt's title to enumerated types of property. Its most important provision, Section 70a(5), provided for inclusion of all property which the debtor could by any means have transferred or which his creditors could have reached by some judicial process.

. . . .

The Bankruptcy Code in section 541 eliminates any unnecessary, avoidable dependence on nonbankruptcy law. Section 541 provides that the commencement of a case creates an estate consisting, most importantly, of all legal or equitable interests of the debtor in property at the time of commencement of the case. Under this provision it will still be necessary to look to nonbankruptcy law, usually state law, to determine whether the debtor has any legal or equitable

interest in any particular item. However, unlike the requirement of the Section 70a(5) of the Bankruptcy Act, it is not necessary under the Code to further determine *whether nonbankruptcy law permits the debtor to transfer the property or permits the debtor's creditors to reach it.* Although the debtor's interest in an item will be determined by non-bankruptcy law, the question of what constitutes property within the meaning of section 541 apparently remains a federal question.

I must agree with Professor King that the state of the bankruptcy law is confused and if it was the purpose of the drafters of the Code to disregard titles as defined under state law, Section 541 falls short of doing so. Of course, title to land was never created by federal law and it was clearly not Congress' intention to devise new estates in property.

The manifest purpose to disregard state law and fictionally cause the severance of the estate of joint tenants was followed by the case of *In re Panholzer*, 36 B.R. 647 (Bkrtcy.D.Md.1984), dealing with Maryland law and I quote from 36 B.R. 651:

> The conclusion is inescapable, that if a joint tenancy is terminated "if one of the cotenants conveys his interest to a third person," that upon the filing of a voluntary Chapter 7 petition by a cotenant, he has similarly effected a conveyance that severs the tenancy. A comprehensive conveyance by the debtor to the Chapter 7 trustee takes place with the commencement of the proceeding and the creation of the bankruptcy estate under § 541(a). *See generally, Collier on Bankruptcy,* § 541.01, 15th ed. (1983).[1]

In the recent case of *In re Lambert*, 34 B.R. 41, § 69, 471 BLR (CCH) (Bkrtcy. Colo.1983), the reverse side of the coin was presented. In *Lambert*, the debtor died after filing his Chapter 7 petition. The court concluded:

> Based on the foregoing, it is the opinion of this Court that the filing of the petition in bankruptcy effects a severance of any joint tenancy the debtor may have had in property and that the Trustee and the other former joint tenants of the debtor become tenants in common. Thus, the right of survivorship enjoyed by the former joint tenants is destroyed. The result in this case is that there is, indeed, an undivided one-half interest in the subject property which is property of the estate.

Just as a bankruptcy estate is not depleted by the death of the debtor who is a joint tenant, so ought it not be enriched by the death of a joint tenant survived by the debtor. An order will be entered in accordance with the foregoing.

■■■ Where does he get this? This concept is evidently from the fantasy world of make believe or born as a result of wishful thinking. It is just not true. The debtor does not transfer his title to 541 property of the estate but holds his title subject to the exercise by the trustee of his rights to sell, use or lease such property by appropriation under the "avoidance" or "strong arm" sections as typified by Sections 542, 543, 544, 545, 546 and 547 of the 1978 Act, as amended. The debtor retains the full use, possession and enjoyment jointly with the trustee and the right to refuse to turn over or deliver such property in proper cases. There is no voluntary or involuntary transfer of property upon filing. It may never take place at the option of the trustee and never occurs as to wholly exempt property. The trustee has no title to property of the estate until he elects to take affirmative action and proceedings are had or orders made.

However, does *Collier* in its text and the decision in *Panholzer* not overlook two pertinent sections of the Bankruptcy Reform Act of 1978, as amended by Bankruptcy Amendments and Federal Judgship Act of 1984, viz:

> Any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a

---

**1.** Where does Judge Mannes find authority for this statement? Can the particular provision of the Code be identified that effects *conveyance* to the Chapter 7 trustee?

tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. Section 522(b)(2)(B). This property presumably would not pass to or be available to the trustee.

See also 28 U.S.C. 1334(c)(1) providing: Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

This court believes that in the spirit of the declaration by Congress above quoted and the constitution of the United States, Section 363 of the Code, and the rationale of *Northern Pipe Line*,[2] abstention is proper and just in this case and the federal bankruptcy court should not try to run rough shod over the wife's rights in her home where she is not a bankrupt and does not consent and the husband has made no transfer voluntarily or by operation of law.

11 U.S.C. 363(f) provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

. . . .

(2) Such entity consents;

. . . .

(5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. 363(h) provides:

Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had [immediately before] *at the time* of the commencement of the case, an undivided interest as a tenant in common,

joint tenant, or tenant by the entirety, only if—

. . . .

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners;

This court finds that no transfer took place by operation of law by the filing of the Chapter 7 petition and the trustee's rights are no better than a creditor with an execution lien who proceeds to levy and sale by virtue of Section 544 of the Code as discussed in the Alabama cases of *Summerlin v. Bowden*, 286 Ala. 391, 240 So.2d 356 (1970), and *Shrout v. Seale*, 287 Ala. 215, 250 So.2d 592 (1971), *Yates v. Guest*, 416 So.2d 973 (Ala.1982).

The court finds that this decision turns on a question of unsettled state law because there are no provisions in the Code standing alone that would render it a matter of federal law. As Professor King says this is a case where the bankruptcy court is compelled to turn to non-bankruptcy law in order to determine the rights of the trustee in bankruptcy. THE COURT THEREFORE DIRECTS the trustee as did Mr. Justice Black in the famous case of *Thompson v. Magnolia Petroleum Company*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940) to bring a bill of sale for division in the proper state court and test his title against that of the wife and debtor and have that court determine the quantum and nature of his estate.

**2.** *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).